Louis L. Friedman, J.
In this action to recover damages for personal injuries sustained as a result of an alleged assault and battery by defendants, plaintiff moves for summary judgment as against defendant Block, defendant Abraham having settled the action as against Mm. Plaintiff, 15 years of age at the time of the occurrence on August 13, 1958, was ascending the stairway leading to the West End BMT station at New Utrecht Avenue and 79th Street in Brooklyn, New York, about 11:30 a.m., when she was allegedly set upon by the defendants and burned by them by lighted cigarettes held against her bare arms. She broke away from the defendants who followed her into a train and struck her about the body, threatening to burn her again in the future. In addition to the burns, plaintiff claims she suffered a severe post-traumatic psychoneurosis. Both defendants were arraigned in Brooklyn Adolescent Court on an assault charge and were held for Special Sessions in bail of $5,000 each after both defendants admitted the assault. In Special Sessions both defendants, after investigation, pleaded *708 guilty to being youthful offenders, were placed on probation and given suspended sentences pursuant to the provisions of the Youthful Offenders Act. By their plea of guilty they admitted the facts charged.
Attached to the moving papers is a copy of an affidavit of the codefendant Abraham wherein he details the active participation in said assault by defendant Block.
In opposition to the motion, defendant Block submits his affidavit in which he denies any participation in the alleged assault, claiming that he was just an observer and only pleaded guilty to the charge to aid his codefendant and, additionally, that he was advised that said plea would not be considered a conviction of a crime and could not be used against him at any future time.
Rule 113 of the Rules of Civil Practice, effective March 1, 1959, requires the court to grant a motion under said rule if £ £ upon all the papers and proof submitted, the action # * sháll be established sufficiently to warrant the court as a matter of law in directing judgment * * * in favor of any party. ’ ’ The court is enjoined from granting said motion if any party shows facts sufficient to require a trial of any issue of fact other than as to the amount or extent of damages.
Accordingly, on a motion of this nature, the court is called upon to determine whether a bona fide issue exists. If the moving papers disclose that there is no real issue, and the papers in opposition fail to offset such proof and establish by affidavit or otherwise the existence of a genuine defense, the court may find that no triable issue exists and summary judgment may be granted. (General Investment Co. v. Interborough R. T. Co., 235 N. Y. 133, 142-143.)
Where a defendant opposes the motion, he must show that he has a bona fide defense to the action and one which he may be able to establish. He must show that the defense is not false or sham but interposed in good faith and not for delay. (Dwan v. Massarene, 199 App. Div. 872, 880.) The defense must be real and substantial. ££ A shadowy semblance of an issue ” is not enough. (Hanrog Distr. Corp. v. Hanioti, 10 Misc 2d 659, 660.) Where the issue is feigned and not genuine, summary judgment is properly granted. (Rubin v. Irving Trust Co., 305 N. Y. 288, 306.)
Evaluating the instant motion with these principles in mind, the court concludes that the moving papers, fortified by the affidavit of the codefendant Abraham, sufficiently indicates that no real defense exists. Defendant Block’s affidavit in opposition denying participation in the assault, when viewed in the light of his two admissions of guilt, places his defense and the issues *709 raised thereby in the realm of “ a shadowy semblance of an issue ” and is insufficient to defeat the motion. (Hanrog Distr. Corp. v. Hanioti, supra.) In any event the adjudication of guilt is prima facie evidence of the facts involved. (Schindler v. Royal Ins. Co., 258 N. Y. 310; Alders v. Grow [assault action], 75 N. Y. S. 2d 647.) Accordingly, the motion is granted. Submit order on notice setting the case down for assessment of damages.