Frank S. McCullough, J.
This is a motion for an order striking the defendants’ answer and granting summary judgment pursuant to rule 113 of the Rules of Civil Practice.
The complaint in this action alleges two causes of action against both defendants, the first in negligence and the second in assault. The plaintiff alleges that, while on the promises of the defendant corporation seeking compensation due him, he was assaulted by the individual defendant who was president of the corporate defendant. It is alleged that the assault occurred without any warning or provocation, by the individual defendant striking the plaintiff about the head and face with his clenched fists causing the injuries described in the complaint.
The defendant Dunham was thereafter arraigned at City Magistrates’ Courts in New York City, charged with assault. The defendant pleaded “ Not Guilty ” to the charge and after a trial had at the Court of Special Sessions, City of New York, Bronx County, was found guilty of assault third degree.
As the court said in Silverman v. Abraham (22 Misc 2d 707, 708), “ Where a defendant opposes the motion, he must show that he has a bona fide defense to the action and one he may be able to establish.”
In Schindler v. Royal Ins. Co. (258 N. Y. 310, 314) the Court of Appeals said: “ The rule in New York from an early day (Maybee v. Avery, 18 Johns. 532) has relaxed the strict rule of complete exclusion. It permits proof of the connection as prima facie evidence of the facts involved.” (See, also, Alders v. Grow, 75 N. Y. S. 2d 647 and cases cited therein.)
The individual defendant has failed to submit an affidavit to contradict or controvert the statements contained in the moving papers. As stated in Di Sabato v. Soffes (9 A D 2d 297, 301): “ It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial. (Dodwell & *256 Co. v. Silverman, 234 App. Div. 362.) An opposing affidavit by an attorney without personal knowledge of the facts has no probative value and should be disregarded (Barnet v. Horwitz, 278 App. Div. 700; Cohen v. Pannia, 7 A D 2d 886).”
The individual defendant has failed to refute the inferences established by the moving papers so as to create an issue of fact.
However, with respect to the corporate defendant, an issue of fact remains as to whether the individual defendant’s act can be attributed to the corporation.
Accordingly, the motion is granted as to the individual defendant and denied as to the corporate defendant.