## TOSHIO ASATO AND ELLEN M. ASATO
### *v.* THOMAS S. FURTADO.

### No. 4913.

SEPTEMBER 8, 1970.

RICHARDSON, C.J., ABE, LEVINSON, KOBAYASHI, JJ., AND VITOUSEK, CIRCUIT JUDGE, FOR MARUMOTO, J., DISQUALIFIED.

286

OPINION OF THE COURT BY RICHARDSON, C.J.

This is an appeal by plaintiffs Toshio Asato and Ellen M. Asato from a jury verdict in favor of defendant Thomas S. Furtado in a personal injury suit arising out of an automobile accident. The relevant facts are as follows: Prior to the collision, plaintiffs were driving Ewa on the Lunalilo Freeway in the center lane of three lanes. Defendant was also driving Ewa in the lane closest to the medial strip. There was a collision between plaintiffs' car and defendant's car, after which plaintiffs' car broke through the cyclone fence in the medial strip and came to rest in the Koko Head-bound lanes of the freeway. The Asatos testified that up until the time of the collision, they were proceeding normally in the center lane, but that the collision caused Mr. Asato to lose control of the car.

Plaintiffs sued defendant for personal injuries and property damage, claiming that his negligence was the proximate cause of their personal injuries and the damage to their vehicle. Defendant counterclaimed against plaintiffs, claiming that one or both of them were negligent and that their negligence caused the accident. He denied that he had been negligent. He testified that he had been blinded by lights coming from the direction of the medial strip, and that before he could do anything, he hit something, which turned out to be plaintiffs' vehicle.

Based upon the same accident, but before the civil suit was tried, defendant was convicted by a jury of the offense

of heedless and careless driving, a violation of HRS § 291-1. This conviction is the focus of the main points raised on this appeal.

First, plaintiffs offered, but were not allowed, to introduce the transcript of defendant's testimony at the prior trial to impeach his testimony at the subsequent civil trial. At the civil trial, defendant testified that just before the impact, the sequence of events was that he heard a crash, then he was blinded by bright lights coming from the direction of the medial strip, and then he hit something. Plaintiffs sought to use the transcript of the prior criminal trial in order to show that in those proceedings defendant had omitted to mention anything about a crash before he was blinded and hit something. Plaintiffs argued that this was a material inconsistency between defendant's two accounts of the accident, which would make it admissible for impeachment as a prior inconsistent statement under HRS §§ 621-23 and 621-24. The trial court refused to allow the transcript on the ground that there was no inconsistency shown, saying that all that appeared was the defendant's omission to mention the crash at the criminal trial.

Plaintiffs also attempted to bring before the jury the fact of the conviction itself. They argued that it should be admitted for purposes of impeaching the credibility of the defendant, under HRS § 621-22, and as substantive evidence of negligence. The trial court refused to allow the evidence of the conviction for either purpose.

The jury found in favor of the defendant on plaintiffs' claim, and in favor of plaintiffs on defendant's counterclaim. Plaintiffs moved unsuccessfully for a new trial, on several grounds, after the jury verdict against them; but we need not consider those motions because we reverse and remand for new trial on the basis of two of the three other points raised above.

## I. *Admission of the Transcript for Impeachment*

It is not disputed by the parties that a prior incon-sistent statement may be used to impeach the credibility of a witness, if a proper foundation is laid, in accord-ance with HRS §§ 621-23 and 621-24. The dispute here centers around whether or not defendant's two accounts differ in such a way as to render them inconsistent. Whether an omission to state previously a fact now as-serted constitutes an inconsistency, sufficient to allow the previous statement to be shown, depends upon the circum-stances under which the prior statement was made. Not every omission will constitute such an inconsistency. But where the prior circumstances were such that the speaker could have been expected to state the omitted fact, either because he was asked specifically about it, or because he was purporting to render a full and complete account of the transaction or occurrence, and the omitted fact was an important and material one, so that it would have been natural to state it, the omission gives rise to a justifiable inference that the omitted fact was omitted because it did not exist. *Langan* v. *Pianowski,* 307 Mass. 149, 151, 29 N.E.2d 700, 701 (1940); *Erickson* v. *Erickson & Co.,* 212 Minn. 119, 125, 2 N.W.2d 824, 827 (1942); 3 Wigmore, Evidence § 1042 (3rd ed. 1940); 1 Greenleaf, Evidence § 462a (16th ed. 1899).

The inference is of course not conclusive, and the trier of fact need not draw it; but it is a justifiable inference, and in proper circumstances a party should be allowed to make use of it.

We think that such circumstances were present here. In the prior trial, the defendant took the stand in his own behalf and was thoroughly questioned about the circum-stances of the accident. The sequence of events was covered more than once by counsel in those proceedings, and the

defendant purported to give a full and complete account of it. Furthermore, we think that the fact of the crash was an important and material fact. Its presence could make a significant difference to a trier of fact in the determination of exactly who was negligent in this rather confusing and ambiguous fact situation. A crash prior to the collision of the defendant's and plaintiffs' cars could give rise to an inference, for example, that plaintiffs were not, as they contended, proceeding normally within the center lane right up until the moment of impact with the defendant's car. Or it might give rise to an inference that the plaintiffs' vehicle had already gone out of control before being struck by the defendant's vehicle. Other possibilities, too, might justifiably occur to a trier of fact confronted by this piece of evidence. In addition, this fact is not one that is of abstruse legal importance only; it is clearly the kind of fact that would be natural to mention if one were giving an account of how the accident happened.

In these circumstances, we think that the plaintiffs should have been allowed to show that this fact had been omitted from defendant's account of the accident at the prior trial.

## II. *The Judgment of Conviction as Evidence of Negligence*

The trial court apparently concluded that a prior criminal conviction was not admissible as evidence of negligence in a later civil suit arising from the same transaction. We do not agree. Where an identical issue of fact was necessarily decided, in a judgment on the merits, in a former trial where the party against whom it is now offered was a party, and where he had a full and fair opportunity to litigate the issue, we think the prior judgment is entitled to some evidentiary weight. This is

especially true where the prior judgment was a criminal one, because of the extensive safeguards afforded defendants in criminal trials. *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co.*, 58 Cal. 2d 601, 375 P.2d 439, 25 Cal. Rptr. 559 (1962). In addition to the right to counsel, and in many cases the right to a jury trial, the defendant has the additional advantage provided by the reasonable doubt standard.[1]

While there is a divergence of authority on this point, we think the better-reasoned rule is that, although not conclusive, the prior judgment should be admissible as evidence where the following factors are present: (1) It must be shown that the issue on which the judgment is offered was necessarily decided in the prior trial. (2) A judgment on the merits must have been rendered. (3) It must appear that the party against whom the judgment is offered had a full and fair opportunity at the prior hearing to litigate the claim, and especially to contest the specific issue on which the judgment is offered. In other words, it must appear that the party against whom the judgment is offered had a full and complete "day in court" on that issue, with the opportunity to call and cross-examine witnesses and to be represented by counsel. Where these requirements are met, there is good authority for the proposition that the prior judgment is entitled to evidentiary weight. *Stagecrafters' Club, Inc.* v. *District of Columbia Div. of the American Legion*, 111 F. Supp. 127 (D.D.C. 1953); *Fidelity-Phoenix Fire Ins. Co. of New York* v. *Murphy*, 226 Ala. 226, 146 So. 387 (1933); *Smith* v. *Andrews*, 54 Ill. App. 2d 51, 203 N.E.2d 160 (1964); *Schindler* v. *Royal Ins. Co.* 258 N.Y. 310, 179 N.E. 711 (1932); *Hurtt* v. *Stirone*, 416 Pa. 493, 206 A.2d 624 (1965); *Mineo* v. *Eureka Security Fire & Marine Ins. Co.*, 182 Pa. Super.

---

[1] Because of the reasonable doubt standard, a judgment of acquittal would stand in quite a different light.

75, 125 A.2d 612 (1956) ; *Eagle, Star, & British Dominions Ins. Co.* v. *Heller,* 149 Va. 82, 140 S.E. 314 (1927) ; *Teitelbaum Furs Inc.* v. *Dominion Ins. Co.* 58 Cal. 2d 601, 375 P.2d 439, 25 Cal. Rptr. 559 (1962) ; 5 Wigmore, Evidence § 1671a (3rd ed. 1940).

In addition, a great number of the law review writers have taken this position.[2]

In the present case, we feel that the conviction should have been admitted as evidence of negligence. If we were to make an arbitrary rule for admission or nonadmission based upon the seriousness of the offense involved, we would feel compelled to exclude all traffic convictions, as well as many, if not all, misdemeanor convictions.[3] This sort of rule, being more arbitrary, would be easier to apply in a specific case. The rule we have adopted, however, goes directly to the underlying issue: that many minor convictions are not reliable indicators of guilt, because they are often decided with an eye to convenience rather than truth. In traffic prosecutions, for example, it is unlikely in the majority of cases that defendants defend themselves as fully as they would if there were more at stake.

Under the rule we adopt, it will be possible to admit the convictions that seem reliable and trustworthy indicators, be they for major or minor offenses, based upon

---

[2] *See,* for example, Comment, Evidence-Admissibility of a Prior Conviction in a Subsequent Civil Suit, 6 Tenn. L. Rev. 227 (1927) ; Comment, Judgments-Res Judicata-Conviction, as Evidence in Civil Action of Facts Upon Which it is Based, 12 B.U.L.R. 548 (1932) ; Note, the Admissibility in Evidence of a Prior Conviction in a Subsequent Civil Suit. 41 Harv. L. Rev. 241 (1927) ; Note, Effect of a Criminal Conviction in Subsequent Civil Suits, 50 Yale L.J. 499 (1941). The contrary view is expressed well in Cammarano v. Gimino. 234 Ill. App. 556 (1924) and by Professor Freeman, 2 Freeman on Judgments §§ 653, 654, 657 (5th ed. 1925).

[3] This is the approach taken by the Uniform Rules of Evidence, Rule 63(20), 9A U.L.A. 638 (1965), which allows only felony convictions to be used as evidence in later civil suits, and by the California Evidence Code § 1300 (West 1968). A good discussion of the merits of this position is found in Montalvo v. Morales, 18 App. Div. 2d 20, 239 N.Y.S. 2d 72 (Sup. Ct. 1963).

whether the proceedings leading to each conviction seem to have afforded the defendant a full and complete opportunity to have his day in court, while avoiding use of convictions that seem unreliable because they are based upon proceedings that were largely perfunctory.

Even where a conviction is admissible, it is not conclusive evidence, and the party against whom it is admitted may rebut it by other evidence.

Where, as in the present case, a defendant has had a jury trial, was represented by counsel, cross-examined witnesses, and was convicted by a unanimous jury beyond a reasonable doubt, we think that the judgment based upon the conviction can reasonably be given some weight in a subsequent civil trial based upon the same transaction.[4]

### III. *The Judgment of Conviction Used for Impeachment*

In every instance where a witness is sought to be impeached, the only issue that arises is whether the witness is telling the truth. It is character and reputation for truth and veracity, not any other character trait, that is in issue. Therefore, any evidence adduced on this issue, in order to be relevant at all, must go to the issue of truth and veracity. We think that there are a great many criminal offenses the conviction of which has no bearing whatsoever upon the witness' propensity for lying or truth-telling, and that such convictions ought not to be admitted for purposes of impeachment. *Gordon* v. *United States,* 383 F. 2d 936, 940 (D.C.Cir. 1967); *Brown* v. *United States,* 370 F.2d 242, (D.C.Cir. 1966); *Gertz* v. *Fitchburg R.R.,* 137 Mass. 77, 78 (1884); *Nelson* v. *Seiler,* 154 Md. 63, 68, 139 A. 564, 566 (1927); 3 Wigmore, Evidence

---

4 Just as our opinion here does not deal with the admissibility of judgments of acquittal, it also does not consider the question of judgments of conviction based upon pleas of guilty or *nolo contendere,* which raise different issues.

§§ 926, 982 (3rd ed. 1940) ; McCormick, Evidence § 43 (1954).[5]

This is true not only of minor offenses like parking tickets or driving with loud mufflers or running red lights, but also of some major offenses like murder or assault and battery. It is hard to see any rational connection between, say, a crime of violence and the likelihood that the witness will tell the truth. In addition, there is the danger that a moralistic jury might decide not to believe a witness who has been convicted of a serious crime, even though the crime has no rational connection to credibility.

For these reasons, we think it unwise to admit evidence of any and all convictions on the issue of credibility. We hold that admission of such evidence should be limited to those convictions that are relevant to the issue of truth and veracity. A perjury conviction, for example, would carry considerable probative value in a determination of whether a witness is likely to falsify under oath. We also think that other crimes that fall into the class of crimes involving dishonesty or false statement would have some value in a rational determination of credibility.

The rule we adopt is that a prior conviction may come in if, but only if, the trial judge, in his discretion, feels that the party offering the evidence has satisfactorily shown that the conviction to be proved rationally carries probative value on the issue of the truth and veracity of the witness.

We are fully aware of the fact that since 1876 this

---

[5] See Preliminary Draft of the Proposed Rules of Evidence for United States District Courts and Magistrates, Rule 6-09 and the Advisory Committee's Note thereto (1969) ; Model Code of Evidence Rule 106 (1942) ; Uniform Rules of Evidence Rule 21 and the Commissioners' Note thereto, 9A U.L.A. 607 (1965) ; Ladd, Credibility Tests—Current Trends, 89 U.Pa.L.Rev. 166, 172, 174-184 (1940) ; Slough, Impeachment of Witnesses: Common Law Principles and Modern Trends, 34 Ind. L.J. 1, 22 (1958) ; Spector, Impeachment Through Past Convictions: A Time for Reform, 18 DePaul L. Rev. 1, 4 (1968) ; Note, Impeaching the Accused by his Prior Crimes—A New Approach to an Old Problem, 19 Hast. L.J. 919, 920, 922 (1968).

jurisdiction has had a statute, now HRS § 621-22, with the heading "Discrediting Witnesses by Proof of Conviction", that would on its face seem to allow proof of conviction of "any indictable or other offense" without any limitation whatsoever.[6] We think, however, that any statute dealing with the admissibility of evidence must be read in light of basic and fundamental principles of evidence law, the most basic of which is that all evidence, to be admissible, must be relevant to the issue on which it is offered.

We stated this proposition very clearly in relation to the discrediting of witnesses in the case of *Republic of Hawaii* v. *Tokuji,* 9 Haw. 548, 552 (1894), where we said,

Evidence to be admissible for the purpose of affecting the credibility of a witness must be such as bears directly upon his character for truth and veracity. Otherwise it would be irrelevant. It is not competent if it merely tends to disgrace the witness.

Nowhere in our decisions have we found any that overrule this proposition, and indeed if there were such, we would be constrained to find them erroneous. The principle of relevance, as a pre-requisite to the admissibility of evidence, is a basic and uniformly accepted underpinning and foundation of the law of evidence. It may be that, at some points in the history of this court, admission of evidence was allowed that might seem to contradict the rule we adhere to today. *See,* for example, *Provisional Government of the Hawaiian Islands* v. *Aloiau,* 9 Haw. 399 (1894) ; *Territory* v. *Henry,* 39 Haw. 296 (1952), cited by plaintiffs-appellants. If that is so, those cases are disapproved to the extent that they conflict with the rule set out in this case.

---

6 Although, since the adoption of the Constitution of the State of Hawaii, rules of practice and procedure adopted by this court supersede any conflicting provisions to be found in the Hawaii Revised Statutes or other legislative enactments. *See.* for example. the Hawaii Rules of Civil Procedure and the Hawaii Rules of Criminal Procedure, adopted and promulgated by this court.

Therefore, when a prior criminal conviction is offered to discredit a witness under HRS § 621-22, the party offering the conviction must show to the satisfaction of the trial judge that the conviction bears some rational relation to the propensity of the witness for truth and veracity; that is, that it is relevant to his credibility.[7]

Applying the rule to this case, we think it is clear that a conviction for heedless and careless driving bears no rational relation to a witness' credibility, and it was properly excluded by the trial court when offered for impeachment.

Reversed and remanded for new trial.

*Burnham H. Greeley* and *E. John McConnell, Jr.* (*Padgett, Greeley, Marumoto & Akinaka* of counsel) for plaintiffs-appellants.

*Anthony Y. K. Kim* (*Henshaw, Conroy & Hamilton* of counsel) for defendant-appellee.

---

[7] This interpretation would also apply to the application of H.R.Cr.P. Rule 26(b), the wording of which is somewhat different.