No. A-CV-30-83

COURT OF APPEALS OF THE NAVAJO NATION

November 16, 1983

Gilbert BEGAY, Applicant,

vs.

THE HONORABLE TOM TSO, ex rel,
Alyce and Emery McCABE, Real Parties in Interest.

The matter before the Court is a request from a party presently in litigaton within the Window Rock District praying for the Court of Appeals to grant a number of extraordinary writs, to wit: writ of mandamus, writ of prohibition, a habeas corpus request and notice of appeal. Plaintiff should be informed from the outset that such request and prayers for relief to the Navajo Court of Appeals are of the extraordinary nature and can only be granted in the most prevailing circumstances. The over-all tenor of plaintiff's request are more clearly considered as interlocutory appeals on the question of self-incrimination by the plaintiff in a civil action. Because of such request, the Court herein denies as discussed below each and every prayer for relief at this stage of the district court proceedings.

I.

The issue before the District Court is a civil action of a vehicular death that occurred within the exterior boundaries of the Navajo Nation. Since that event, defendant has plead guilty to the charge of vehicular manslaughter in Federal District Court (District of Arizona) on September 26, 1983, No. CR-83-84 PCT VAC, pursuant to the Assimilative Crimes Act, 18 U.S.C. Secs. 1153, 1112. Defendant moved the District Court for a Motion in Limine and of an additional request in a motion for a protective order to guarantee that defendant would not be forced to testify at a trial that could lead to self-incrimination. The Window Rock District Court, the Honorable Tom Tso, denied such requests for both the Motion in Limine and for a protective order. Defendant filed this appeal for such extraordinary relief.

The Court of Appeals has repeatedly held that the Courts of the Navajo Nation do not honor interlocutory appeals. Thompson v. General Electric Credit Corporation, 1 Nav. R. 234 (1977); Marilyn Todachine v. Navajo Tribe, et. al., 1 Nav.R. 245 (1977); Hugh Pelt v. Elaine Pelt, 1 Nav.R. 127 (1979); Hoskie Y. Mike and Dorothy Hoskie v. Harrison and Harriette Pete and James Hunt, Sr., 2 Nav.R. 129 (1979); and Tom and Lorraine Sellers v. Babbitt Ford, Inc., 2 Nav.R. 147 (1979). The special procedures of mandamus, prohibition, and special procedure are to aid the Court of Appeals jurisdiction, correct excesses in the trial court, and to compel action. Wilson v. Wilson, 3 Nav.R. 63 (1982).

7 N.T.C. Sec. 302 gives this court jurisdiction to hear appeals from final judgments and orders of the Trial Court. Aside from appeals, this court has jurisdiction to hear cases where 1) a special writ or order is necessary or proper to carry out its jurisdiction, or, 2) the Trial Court is acting beyond its jurisdiction, or, 3) the Trial Court fails or refuses to act within its jurisdiction. 7 N.T.C. Sec. 393. Rule 16 of the Rules of Appellate Procedure implements the last section by providing for the procedures of mandamus, prohibition and other special remedies.

The appeal that is presently before the Court is an appeal from an order of the District Court which is not a final order. Such requests have repeatedly been denied by the Court of Appeals as not ripe for review, In the Matter of Nez, 3 Nav.R. 15 (1980). The entire appeal that has been now presented to this Court is the matter of whether plaintiff can compel testimony from the defendant that may tend to incriminate him in collateral lawsuits. Because defendant has subsequently plead guilty to the federal charges, he is no longer able to utilize such claim as incrimination when such examination in our Navajo courts is to be entirely based on the facts concerning the crime of which he was convicted. See Federal Rules of Evidence, Rule 803 (22); and, Asato v. Furtado, 474 P.2d 288 (Hawaii, 1970) (prior criminal conviction was admissible as evidence of negligence in later civil suit arising from same transaction).

From the facts presented, it appears that the fact of the criminal prosecution is that which is directly part of the civil action. Such judgment in a criminal action is available as evidence in a subsequent civil action where the judgment is offered for the single purpose of proving its own existence, where such existence is a material fact, in which case the judgment is conclusive as to the fact of its rendition. Evidence, 30 Am.Jur.2d. Sec. 985. See McCormack on Evidence, 2d Ed., p. 739. In addition, such evidence has its own impeaching value when used in the district court. Id.

IT IS HEREBY ORDERED that defendant's application for a writ of mandamus, prohibition, certiorari, habeas corpus request for a stay, plus Notice of Appeal are hereby denied. The Court also wishes to point out to defendant's counsel to re-examine the variety and number of writs which were requested of the Court and to be sure that such future pleadings are consistent and of proper application.

IT IS FURTHER ORDERED that this matter be and is hereby DISMISSED.

November 16, 1983

ORDER OF DISQUALIFICATION

The Court on its own motion, hereby disqualifies the Chief Justice of the Navajo Nation, Nelson J. McCabe, from acting on the above-entitled matter in favor Robert B. Walters as the Acting Chief Justice.

ASSUMPTION OF JURISDICTION

I, Robert B. Walters, Trial Judge of the Navajo Nation, hereby assume jurisdiction over the above-captioned matter as the appointed Acting Chief Justice therein.