Vasco **SILVEIRA** et al.

v.

Emanuel D. **SANTOS**.

No. 82–237–Appeal.

Supreme Court of Rhode Island.

April 10, 1985.

Morton J. Marks, Larry Dub, Pearlman & Vogel, Providence, for plaintiff.

Carolyn R. Barone, Warwick, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a partial summary judgment entered in the Superior Court in favor of the plaintiffs. We affirm in part and reverse in part. The circumstances underlying this controversy are as follows.

On December 1, 1980, plaintiffs filed a six-count complaint in the Superior Court

for the county of Providence alleging numerous acts of assault and battery by the defendant upon their minor daughter. The plaintiffs further alleged that defendant had enslaved their minor daughter and had alienated her affections. At the time of at least one of these alleged acts the minor daughter was fifteen years of age. The plaintiffs also sought injunctive relief from the court, as a result of which a preliminary injunction was issued against the defendant from "bothering, harassing, phoning, harming or otherwise bothering the Plaintiffs and their property." The injunctive relief is not challenged in this appeal.

Shortly after the civil complaint was filed, a criminal complaint was filed with the Pawtucket police department. Subsequently defendant was indicted on charges of first-degree, second-degree, and third-degree sexual assault, as well as kidnapping. On or about January 5, 1982, as a part of a plea bargain, defendant asserts, he pleaded guilty to the charge of third-degree sexual assault. All other charges were dismissed. The defendant was subsequently sentenced to five years' imprisonment; said sentence was suspended, and he was placed on probation for a period of five years. Third-degree sexual assault is defined in G.L. 1956 (1981 Reenactment) § 11–37–6 as follows:

> "A person is guilty of third degree sexual assault if he or she is over the age of eighteen (18) years and engaged in sexual penetration with another person over the age of thirteen (13) years and under the age of consent, sixteen (16) years of age."

On February 8, 1982, plaintiffs filed a motion in which they sought partial summary judgment on the issue of liability based upon defendant's plea and the judgment of conviction. A justice of the Superior Court granted this motion over the objection of defendant, who filed an affidavit in opposition to the requested summary judgment. In his affidavit, defendant did not deny the act or acts underlying the judgment of conviction but stated in a general sense that there was "a genuine issue

concerning the material facts of plaintiffs' civil complaint * * *."

In support of his appeal defendant raises three issues that will be dealt with in the order in which they are raised in the defendant's brief.

I

## DID DEFENDANT'S AFFIDAVIT AND ANSWERS TO INTERROGATORIES RAISE A GENUINE ISSUE OF MATERIAL FACT?

As already indicated, defendant in his affidavit did not deny or even discuss the act or acts underlying his plea of guilty to the charge of third-degree sexual assault or his conviction thereof. He merely stated that the plea of guilty had been induced by a plea bargain. The defendant argues that his answer under oath to an interrogatory propounded by plaintiffs does raise an issue of fact. This interrogatory and the answer thereto were as follows:

> "Q. 2. Set forth with particularity the facts, including times and dates, comprising the alleged incident complained of by the plaintiff.
>
> "A. 2. I cannot set forth the fact, times and dates comprising the incident complained of by the plaintiff because it never happened."

The interrogatory and the answer thereto must be considered and evaluated in light of the fact that plaintiffs' complaint alleged numerous acts on the part of defendant and that not all of these acts constituted the crime of third-degree sexual assault. The interrogatory in effect was a "grab bag" question to which a sweeping general denial was asserted.

■ We held in *Ludwig v. Kowal*, R.I., 419 A.2d 297, 303 (1980), that a plea of guilty in a prior criminal proceeding is competent evidence in a subsequent civil action as an admission of each element of the formal criminal charge. *Plunkett v. Commissioner of Internal Revenue*, 465 F.2d 299, 305 (7th Cir.1972); *Estate of Upshaw v. Commissioner of Internal Revenue*, 416

F.2d 737, 741 (7th Cir.1969), *cert. denied,* 397 U.S. 962, 90 S.Ct. 993, 25 L.Ed.2d 254 (1970); *Silverman v. Abraham,* 22 Misc.2d 707, 708–09, 198 N.Y.S.2d 514, 516–17 (1960); 3 *Wharton's Criminal Evidence* § 654A (Torcia 13th ed. 1973). *See* Rotenberg, *The Progress of Plea Bargaining: The ABA Standards and Beyond,* 8 Conn. L.Rev. 44, 51 (1975). Courts that have considered the question are virtually unanimous in admitting pleas of guilty as evidence in subsequent civil cases since such a plea is, in essence, a solemn judicial admission. *See* Annot., 18 A.L.R.2d 1287 (1951); Vestal & Coughenour, *Preclusion/Res Judicata Variables: Criminal Prosecutions,* 19 Vand.L.Rev. 683, 705 (1966); *see also* Bond, *Plea Bargaining and Guilty Pleas* § 7.26 (1978).

We went on to state that although a bargained guilty plea might be subject to explanation, at the very least the setting forth of such a plea and conviction required a sworn factual rebuttal by the defendant. In that case, as in the case at bar, the defendant did not supply such a rebuttal.

■ In *Ludwig v. Kowal* the defendant made some vague denials that we did not consider adequate. Similarly, the counteraffidavit in the case at bar did not demonstrate evidence of a substantial nature to dispute the material issues of fact set forth by plaintiffs. *See Gallo v. National Nursing Homes, Inc.,* 106 R.I. 485, 488–89, 261 A.2d 19, 21–22 (1970); *accord O'Brion, Russell & Co. v. LeMay,* 370 Mass. 243, 346 N.E.2d 861 (1976). When one is convicted on a plea of guilty of a criminal charge directly related to and involving the same act or transaction that may be the subject of a civil action, one may not avoid the consequences of a motion for partial summary judgment by conclusory statements and arguments. We recognize that convictions of a criminal offense may not have a preclusive effect upon factual issues in a subsequent civil action save for the widely recognized exception wherein a criminal in a subsequent civil case seeks to profit from his own wrong. *Morin v. Aetna Casualty*

*and Surety Co.,* R.I., 478 A.2d 964 (1984). The current trend among courts that have recently considered the question is at least to allow a conviction based upon a plea of guilty to be admitted in a civil action for proof of the underlying facts. Following the lead of *Schindler v. Royal Insurance Co.,* 258 N.Y. 310, 179 N.E. 711 (1932), several courts in recent years have admitted criminal convictions for proof of the matter asserted in civil actions, even when not predicated upon a plea of guilty. *See, e.g., Asato v. Furtado,* 52 Haw. 284, 289, 474 P.2d 288, 293 (1970); *Weichhand v. Garlinger,* 447 S.W.2d 606 (Ky.1969); *McCormick's Handbook of the Law of Evidence,* § 318 at 738–41 (Cleary 2d ed. 1972).

Older cases that tended to exclude such convictions were frequently based upon the lack-of-mutuality theory predicated upon the general rule that prevented an acquittal from being introduced into evidence. This theory has little or no persuasive force. Obviously an acquittal would not be evidence of innocence but only evidence that the state had failed to meet the requisite burden of proof. Some courts excluded criminal convictions because of the then-prevailing notion that criminal convictions were inherently suspect. *See McCormick, supra.* If such a theory was ever justified, developments in procedural safeguards surrounding criminal trials in the last twenty years have deprived it of any rational basis today. Probably no trial or proceeding has accorded a party more rights, both substantive and procedural, than are bestowed upon a defendant in a criminal case in the United States at this point in its history.

■ Consequently, a person who has been convicted of a criminal offense must, in answer to a motion for summary judgment based on such conviction, do more than suggest the possibility that facts may be in issue that would rebut the conclusion to be drawn from such conviction. In the case at bar, the defendant presented no such facts. His general denial to interrogatory No. 2 that the incident never took place may create an issue in a technical

sense but not a "genuine" issue of material fact. The victim, now a civil litigant, is entitled to more than what amounts to a general denial under oath. *See Ludwig,* 419 A.2d at 301.

## II

### DID THE FACT THAT THE GUILTY PLEA WAS INDUCED BY A PLEA BARGAIN DIMINISH ITS EFFECT FOR PURPOSES OF SUMMARY JUDGMENT?

As suggested in the preceding section, a guilty plea induced by negotiations may be susceptible of explanation. The plaintiffs' answer to defendant's argument in this case is that no explanation was offered that tended to traverse or deny the truth of his solemn judicial admission. A mere suggestion that a negotiated plea had taken place does not in any way detract from the presumption that such a plea represented a solemn avowal of truth in respect to which a justice of the Superior Court had specifically found a factual basis to exist. *See Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Super. R.Crim.P. 11; *see also State v. Feng,* R.I., 421 A.2d 1258 (1980). In sum, a plea of guilty subsequent to negotiation under the safeguards presently existing in this state is as admissible for proof of facts underlying the charge as if no negotiation had taken place, subject only to the right of the defendant to seek to explain on the basis of specific facts asserted by him under oath. These facts must be explicit and specific in order that appropriate sanctions may be imposed in accordance with Super.R.Civ.P. 56(g), in the event that such assertions are subsequently found to be false.

## III

### DOES THE CRIME OF SEXUAL ASSAULT COMPREHEND THE ALLEGATIONS SET FORTH IN PLAINTIFFS' COMPLAINT?

There is no question that the crime of sexual assault as defined in § 11–37–6 requires the element of "sexual penetration with another person * * * under the age of consent." We have recently defined the tort of battery in *Proffitt v. Ricci,* R.I., 463 A.2d 514, 517 (1983), as

"an act that was intended to cause, and does cause, an offensive contact with or unconsented touching of or trauma upon the body of another * * *."

The crime, as described above, does require a contact that is made offensive by operation of the statute and to which consent may not be given by one under sixteen years of age. By pleading guilty to the charge, defendant admitted all of the foregoing elements. He therefore admitted a battery upon the minor daughter of plaintiffs. Nothing in his argumentative affidavit or in his general denial by answer to interrogatory No. 2 creates a genuine issue of material fact in respect to this solemn judicial admission. Therefore, the trial justice was correct in granting partial summary judgment insofar as that judgment related to the commission of battery.

There are, however, other allegations in the complaint that appear to relate to assaults of a nature not comprehended within the definition of sexual assault. Among other allegations in counts 2 and 3 are included the claims that defendant caused tremendous apprehension and fear on the part of plaintiffs' minor child. Although such conduct would constitute an assault, it is not necessarily comprehended within the definition of third-degree sexual assault. Moreover, count 4, which alleges "enslavement," and count 5, which alleges "alienation of affections," in no way can be subsumed under the rubric of third-degree sexual assault.

As a consequence, the trial justice was in error in granting partial summary judgment in respect to liability on all of the plaintiffs' claims. Said partial summary judgment should have been entered only in respect to the complaint of battery, which is fully established by the conviction of

third-degree sexual assault based upon a plea of guilty.

For the reasons stated, the defendant's appeal is denied in part and sustained in part. The partial summary judgment is hereby modified to include only liability for the tort of battery by reason of unconsented sexual penetration. As so modified, the judgment is affirmed. The papers in the case may be remanded to the Superior Court for trial of all issues not disposed of by the partial summary judgment as modified herein.