**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000521
05-JUN-2020
07:49 AM**

NO. CAAP-18-0000521

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
BEVERLY KANANI ESTRADA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTA-17-02191)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Beverly Kanani Estrada (**Estrada**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment,[1] filed on November 8, 2017, and the Notice of Entry of Judgment and/or Order and Plea/Judgment,[2] filed on May 29, 2018 (**Final Judgment**), in the District Court of the First Circuit, Honolulu Division (**District Court**).

---

[1]   The Honorable Melanie M. May presided.

[2]   The Honorable Sherri-Ann L. Iha presided.

Estrada was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2018).[3]

Estrada raises two points of error on appeal, contending that: (1) the District Court erred by denying her Motion to Compel Discovery for failure to provide all material or information mandated by Brady v. Maryland, 373 U.S. 83 (1963); and (2) there was insufficient evidence to convict her of OVUII.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Estrada's points of error as follows:

(1) In the Motion to Compel Discovery, relevant to this appeal, Estrada requested: "Any and all material or information which tends to negate the guilt of Defendant as to the offense charged or would tend to reduce Defendant's punishment therefore, and all other material as mandated by Brady v. Maryland, 373 U.S. 83 (1963)"; and specifically, information relating to Officer Siala Seti (**Officer Seti**) being previously charged in an assaultive-type case.

---

[3]  HRS § 291E-61(a)(1) states:

> **§ 291E-61  Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> > (1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

On appeal, Estrada argues that "Officer Seti's prior assaultive-type behavior, especially if it involved the use of excessive force against an arrestee, would provide the context for Officer Seti's claimed use of a light grab and joint lock on a 64-year old woman.  In turn, this could explain Estrada's subsequent reaction, whether it was yelling and screaming or talking loudly.  This was extremely relevant as the District Court cited Estrada's alleged post-arrest belligerence as further evidence of her intoxication."  Estrada contends that, "if Officer Seti was disciplined for the excessive use of force against an arrestee previously, it could also explain why he minimized his behavior in this case or why it was important for him to exaggerate Estrada's reaction - the records would then be relevant as evidence of bias, interest, or motive under HRE Rule 609.1 and would be again relevant and material to the issue of guilt."

"[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution."  Brady, 373 U.S. at 87.  Impeachment evidence falls within the Brady rule because such evidence is favorable to the accused, and, if used effectively may make the difference between conviction and acquittal.  United States v. Bagley, 473 U.S. 667, 676 (1985) (citations omitted).

In Birano v. State, 143 Hawaiʻi 163, 181, 426 P.3d 387, 405 (2018) (quoting State v. Tetu, 139 Hawaiʻi 207, 219, 386 P.3d

844, 856 (2016)), the Hawaiʻi Supreme Court explained that "[c]entral to the protections of due process is the right to be accorded a meaningful opportunity to present a complete defense." (Internal quotation marks omitted). Therefore, the court held that "the prosecution has a constitutional obligation to disclose evidence that is material to the guilt or punishment of the defendant." Id. at 182, 426 P.3d at 406. "The duty to disclose evidence that is favorable to the accused includes evidence that may be used to impeach the government's witnesses by showing bias, self-interest, or other factors that might undermine the reliability of the witness's testimony." Id.

For purposes of using a conviction for impeachment, it has been long understood that "[i]n every instance where a witness is sought to be impeached, the only issue that arises is whether the witness is telling the truth." Asato v. Furtado, 52 Haw. 284, 292, 474 P.2d 288, 294 (1970). "It is character and reputation for truth and veracity, not any other character trait, that is in issue." Id. "Therefore, any evidence adduced on this issue, in order to be relevant at all, must go to the issue of truth and veracity." Id.

"When the prior crime [or bad act] has nothing to do with dishonesty, there may be no logical connection whatsoever between the prior crime and the determination of whether the defendant may be believed." State v. Stanley, 110 Hawaiʻi 116, 128, 129 P.3d 1144, 1156 (App. 2005) (quoting State v. Santiago, 53 Haw. 254, 259, 492 P.2d 657, 661 (1971)).

"[T]here are a great many criminal offenses the conviction of which has no bearing whatsoever upon the witness' propensity for lying or truth-telling, and that such convictions ought not to be admitted for purposes of impeachment." Asato, 52 Haw. at 292, 474 P.2d at 294 (citation omitted). The court in Asato went on to state:

> This is true not only of minor offenses like parking tickets or driving with loud mufflers or running red lights, but also of some major offenses like murder or assault and battery. It is hard to see any rational connection between, say, a crime of violence and the likelihood that the witness will tell the truth. In addition, there is the danger that a moralistic jury might decide not to believe a witness who has been convicted of a serious crime, even though the crime has no rational connection to credibility.
>
> For these reasons, we think it unwise to admit evidence of any and all convictions on the issue of credibility. We hold that admission of such evidence should be limited to those convictions that are relevant to the issue of truth and veracity. A perjury conviction, for example, would carry considerable probative value in a determination of whether a witness is likely to falsify under oath. We also think that other crimes that fall into the class of crimes involving dishonesty or false statement would have same value in a rational determination of credibility.
>
> The rule we adopt is that a prior conviction may come in if, but only if, the trial judge, in his discretion, feels that the party offering the evidence has satisfactorily shown that the conviction to be proved rationally carries probative value on the issue of the truth and veracity of the witness.

Id. at 293, 474 P.2d at 295.

In Stanley, this court discussed United States v. Geston, 299 F.3d 1130 (9th Cir. 2002), in which a defendant sought to use a witness's two prior violent incidents to attack his credibility. Stanley, 110 Hawaiʻi at 126, 129 P.3d at 1154. The first incident involved the witness being attacked by a security guard and causing severe injury in self defense and the second incident was when the witness allegedly "choked out" another person and was charged with assault. Id. This court

noted that, in <u>Geston</u>, the Ninth Circuit Court of Appeals held that the witness's prior conduct was neither probative of his character for untruthfulness or his credibility, therefore, the trial court did not err by excluding the evidence. <u>Id.</u> We then stated: "Unlike evidence of a witness's past sexual conduct, improper giving of a gift, or prior violent incidents, evidence of a witness's forgery has been held to be 'probative of untruthfulness.'" <u>Id.</u> Thus, in <u>Stanley</u>, this court held that prior violent acts are not probative of untruthfulness.

In <u>State v. Estrada</u>, 69 Haw. 204, 218-19, 738 P.2d 812, 823 (1987), citing Rule 404(b) of the Hawaii Rules of Evidence, the supreme court held that an officer's "attitude problem, without any specific instances of violence, aggression, or abuse of official powers, did not relate to" a defendant's self-defense claims. (Internal quotation marks omitted). Thus, assaultive type behavior may be used to impeach a witness if it relates to a claim of self-defense.

HRS § 703-304(1) (2014) states: "Subject to the provisions of this section and of section 703-308, the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion." OVUII does not involve the use of force by any person, thus, self-defense pursuant to HRS § 703-304 is inapplicable.

Recently, in <u>Boyd v. State</u>, CAAP-18-0000056, 2019 WL 3082992 *4, (Haw. App. July 15, 2019) (SDO), <u>cert. rejected</u>,

SCWC-18-0000056, 2019 WL 6492519 (Haw. Dec. 3, 2019), this court rejected Lee Ki Boyd's (**Boyd**) claim that the prosecution violated the Brady rule when it failed to disclose prior to trial that an officer was prosecuted for shoplifting.  Boyd argued that such information could be used to impeach the officer by showing bias, self-interest, or other factors that might undermine the credibility or reliability of the officer's testimony in Boyd's OVUII trial.  This court stated:

> Boyd provides no legal authority in support, and more importantly, fails to explain why Officer Yee's actions were deceptive as to affect his credibility as a witness or how the information would undermine the reliability of Officer Yee's testimony in any way.  Rather, Boyd simply reiterates the facts underlying Officer Yee's shoplifting prosecution.
>
> The record also does not support Boyd's argument.  The subpoenaed documents submitted with the September 12, 2017 Filing of Police Documents Under Seal chronicle exactly what Boyd describes.  They do not, however, reflect that Officer Yee's four-year-old shoplifting incident had any probative value on the truth and veracity of Officer Yee as a witness in Boyd's unrelated OVUII trial.

Id. at *4-*5 (format altered).

Contrary to Estrada's claim, prior assaultive-type behavior by Officer Seti would not have provided context for an alleged use of excessive force to arrest Estrada or explained Estrada's yelling and screaming or talking loudly, which was also described in testimony by a motorist who was in the car behind Estrada.[4]  Officer Seti testified that he had to restrain Estrada after she kept pulling away while being arrested, and that she attempted to walk away after being told she was under arrest for OVUII.  During the incident, both before and after she was

---

[4]     The motorist's further testimony of her observations of the incident was consistent with Officer Seti's testimony.

7

arrested, Estrada yelled or screamed that she was a driving instructor, she was a preschool teacher, she was okay to drive, and she was not drunk. Thus, the record does not reflect that Estrada's behavior changed due to force allegedly used to arrest her and Officer Seti's alleged conduct did not explain Estrada's yelling and screaming. In addition, Estrada explained her conduct as responding back in a loud volume, and described it as, "I was being myself."

Estrada also claims that a prior assaultive-type incident involving Officer Seti would show "bias, interest, or motive under HRE Rule 609.1" because "it could also explain why he minimized his behavior in this case or why it was important for him to exaggerate Estrada's reaction." Estrada's argument is merely a claim Officer Seti would not testify truthfully due to a prior assaultive-type incident. However, as the supreme court has observed, "[i]t is hard to see any rational connection between, say, a crime of violence and the likelihood that the witness will tell the truth." Asato, 52 Haw. at 293, 474 P.2d at 295. Also, contrary to Estrada's claim, the District Court did not cite Estrada's yelling while in Officer Seti's vehicle as evidence of intoxication. Rather, it appears that the District Court noted her behavior to support its conclusion that Estrada was intoxicated, because Officer Seti testified that he could still smell the odor of alcohol coming from Estrada due to her continued yelling in his vehicle.

(2) When the evidence adduced at trial is considered in the strongest light for the prosecution, there was substantial

evidence to support Estrada's conviction for OVUII.  See State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007). Estrada failed to heed warning flares that Kalanianaole Highway, which is a public way, road, street, or highway, was closed due to a traffic accident.  Estrada also attempted to circumvent a police officer's vehicle blocking the road.  After Officer Seti stopped Estrada from proceeding further, he noticed Estrada smelled of alcohol after she rolled down her window, her eyes were red, and she slurred her speech.  Estrada fell to the ground while attempting to exit her vehicle, and her vehicle rolled forward into the nearby mountain, because it had not been securely parked.  We conclude that there was sufficient evidence for the trial court to conclude that Estrada operated or assumed actual physical control of a vehicle while under the influence of an intoxicant in an amount sufficient to impair her ability to care for her person and guard against casualty.

For these reasons, the District Court's May 29, 2018 Final Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, June 5, 2020.

On the briefs:

Allen M. Kaneshiro,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith H. Hiraoka
Associate Judge