Leonard R. KAHN, Plaintiff–Appellee,

v.

**GENERAL MOTORS CORPORATION, Defendant–Appellant.**

**No. 95–1499.**

United States Court of Appeals, Federal Circuit.

March 8, 1996.

Rehearing Denied; Suggestion for Rehearing In Banc Declined April 16, 1996.

---

Leonard R. Kahn, New York City, argued, Pro Se.

Robert G. Krupka, Kirkland & Ellis, Chicago, Illinois, argued, for defendant-appellant. With him on the brief was Linda S. Resh.

Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and NEWMAN, Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

General Motors Corporation appeals the decision of the United States District Court for the Southern District of New York [1] holding that Leonard R. Kahn has title to the 4,018,994 patent in suit and may sue General Motors in his own name for infringement of that patent. We affirm the district court's decision.

## BACKGROUND

The '994 patent was issued to Mr. Kahn as the inventor. General Motors does not dispute that Mr. Kahn invented the technology covered by the '994 patent. However, General Motors opposed Mr. Kahn's patent infringement claim by asserting, *inter alia*, that Mr. Kahn does not own the '994 patent and thus lacks standing to bring the suit. The district court, ruling in favor of Mr. Kahn, certified the question for immediate appeal. The appeal was accepted by this court.

The district court set forth the following chronology of the '994 patent's history:

- On May 5, 1972, Kahn executed a written assignment to Kahn Research Laboratories, Inc. ("KRLI") of patent application Serial No. 251,947 ("Grandparent Application"), including all patents issuing "by continuation or continuation-in-part ("CIP") from it."

- On October 17, 1972, Kahn sold his controlling stock in KRLI to Electrospace Corporation for over $300,000 in cash and notes, the contract provided that 'Electrospace shall assign or cause to be assigned to Kahn all United States and foreign patents and patent applications, and all future patents and improvements held by it or' KRLI. The contract also required Electrospace to continue Kahn's employment as president of KRLI.

- In October of 1972, KRLI executed a written assignment to Kahn of the Grandparent Application. However, this assignment did not expressly include any rights to CIP applications.

- In 1974, Electrospace filed for bankruptcy. Kahn testified that he did not permit KRLI to file for bankruptcy and personally paid KRLI's debts.

- Later in 1974, Kahn testified that he hired an auctioneer to sell KRLI's assets at a public auction. Kahn testified that his attorney attended the auction and that the attorney purchased for Kahn all assets of KRLI including its patent rights for $14,901. KRLI subsequently dissolved.

- In 1976, Kahn represented to the Patent and Trademark Office, in the issue fee form for the '994 Patent, that the application for the '994 Patent had not been assigned.

- On April 19, 1977 the '994 Patent was issued to Kahn on a CIP application from two parent applications which were, in turn, CIPs of the Grandparent Application.

*Kahn*, 33 USPQ2d at 2011–12 (citations omitted).

The invention and filing of the '994 patent application occurred after Mr. Kahn had reacquired from KRLI all of its patent rights, by assignment and by purchase. General Motors argues that these transactions did not succeed in returning to Mr. Kahn whatever rights to the '994 patent may have been encumbered by the initial transfer to KRLI. General Motors states that KRLI owns the '994 patent and that General Motors is subject to an infringement suit by KRLI, and

**1.** *Kahn v. General Motors Corp.*, 33 USPQ2d 2011 (S.D.N.Y.1995).

thus would be doubly jeopardized if Mr. Kahn were permitted to pursue this action as owner of the '994 patent.

Mr. Kahn points out that KRLI was dissolved over twenty years ago, and that he reacquired, by assignment and purchase, whatever rights KRLI had or might have had to present or future inventions. General Motors responds that at most Mr. Kahn has equitable title to the '994 patent, stating that he can not prove he has legal title to the '994 patent. The district court declined to allow General Motors to "hide behind the putative rights of a non-party, especially where, as here, neither side contends that such a party exists." *Kahn,* 33 USPQ2d at 2014.

## DISCUSSION

■ The ownership of patent property is a matter of law, the decision of which may entail underlying factual inquiries. We give plenary review to the legal issue, and review for clear error any disputed findings of fact made by the district court.

### A

■ We need not decide whether the reassignment by KRLI of the Grandparent Application could have, as General Motors asserts, left in KRLI's ownership the patent rights to future unmade inventions. If there were any such residual rights, or residual doubts as to such rights, they were resolved in 1974 when Mr. Kahn purchased from KRLI all of its remaining assets. At that time the recovery of patent rights was complete, and all present and future rights were owned by Mr. Kahn. The case upon which General Motors relies, *Filmtec Corp. v. Allied–Signal Inc.,* 939 F.2d 1568, 1572, 19 USPQ2d 1508, 1511 (Fed.Cir.1991), is not relevant, for if KRLI had any residual rights, whatever they may have been, they were recovered by Mr. Kahn. This recovery had been completed at the time the '994 patent application was filed. No cloud is on Mr. Kahn's title to the '994 patent, and no flaw is discerned in Mr. Kahn's representation to the PTO that the application had not been assigned.

We conclude that Mr. Kahn is the owner of the '994 patent and has legal title thereto. There are no rights encumbering this title, or any ownership interest in the '994 patent, legal or equitable, in KRLI, dissolved over twenty years ago.

### B

Mr. Kahn has requested the imposition of sanctions based on General Motors' continuing tactics of delay since this suit was filed in 1988. Although we do not grant his request for sanctions, resolution of the merits of the action is overdue.

### *Conclusion*

The decision of the district court is affirmed. The case is remanded for further proceedings.

Costs to Mr. Kahn.

*AFFIRMED AND REMANDED.*