82   619
103   358
82      619
139   ²686
82   619
f146 ³536

ERNESTINE HELWIG v. JULIUS LASCOWSKI.

*Pleading—Damages—Recoupment—Settlement—Evidence—
Impeachment.*

1. Such damages only can be recouped as arise out of the contract sued upon.

2. A witness denied, on his cross-examination, that he was ever arrested, or that he had so testified in the same court less than a year before, after which counsel sought to interrogate him concerning his testimony on the trial of a specified suit, on the subject of his arrest and conviction on criminal charges, which testimony was excluded. And it is held that the discretion vested in the trial court in limiting this class of testimony cannot be said to have been abused.

3. The question of the *status* of a witness as to interest, relationship, or conviction of crime is not now, and never was, a collateral one, in the sense that the party cross-examining him is bound by his answer.

   So *held*, where a witness who had denied that he had ever been arrested, or convicted of crime, was sought to be impeached by the introduction of the record of such convictions. And it is held that the evidence was admissible.

4. The fact that a defendant, in a suit to recover the balance due for a stock of goods, testifies to having settled the demand by turning over to the plaintiff certain property agreed to be taken in payment, will not prevent the defendant from recouping damages growing out of a breach of warranty on such sale, unless it appears that the alleged settlement included all defenses growing out of the transaction.

Error to Wayne. (Gartner, J.)   Argued June 27, 1890. Decided October 31, 1890.

*Assumpsit.*   Defendant brings error.   Reversed.   The facts are stated in the opinion.

*James H. Pound,* for appellant.

*Edward S. Grece,* for plaintiff.

CAHILL, J. The plaintiff sued the defendant in justice's court for the sum of $50, claimed to be due her as a balance on a sale of a small stock of groceries. Defendant pleaded the general issue, with notice of set-off, and also of recoupment, claiming that the goods sold were inferior to warranty. He also gave notice that his habitation and goods were injured by water which rained through defendant's house rented by him from the plaintiff when he bought the goods. The plaintiff had judgment in justice's court, and an appeal was taken to the Wayne circuit court, where the plaintiff again had judgment. Defendant brings error.

A large number of errors are assigned, very few of which require attention. The evidence offered by defendant to show that the goods had been injured by water, owing to a defect in the roof of the store rented by defendant of the plaintiff, was not admissible. Damages resulting from such a cause could not be recouped in this action. Such damages only can be recouped as arise out of the contract upon which the suit is brought. *Morehouse v. Baker,* 48 Mich. 335 (12 N. W. Rep. 170); *Platt v. Brand,* 26 Id. 173.

On cross-examination of the plaintiff's husband, counsel for defendant was allowed to ask him several questions relating to his former conviction of crime. Among others were the following:

" *Q.* Were you ever arrested?

" *A.* No; I was not.

" *Q.* Didn't you swear right here in this court, less than a year ago, that you had been arrested so many times you did not know how many they were?

" *A.* No sir; I did not say so."

The witness having testified that he was sworn in the case of *Helwig v. Schroeder,* counsel proposed to interrogate him further as to what he testified to on such

trial, on the subject of his arrest and conviction on criminal charges. This was objected to and excluded. While it is competent on cross-examination to interrogate a witness fully as to his past life, so that the jury may know what manner of man the witness is and has been, still there must be a limit beyond which such inquiry should not go, and the trial judge must, in the exercise of a sound discretion, determine when that limit is reached. Only a clear abuse of that discretion will be reviewed on error. We cannot say that the court's discretion was not properly exercised here. *Wilbur v. Flood,* 16 Mich. 40; *Beebe v. Knapp,* 28 Id. 72; *Bissell v. Starr,* 32 Id. 297; *People v. Niles,* 44 Id. 606 (7 N. W. Rep. 192); *Marx v. Hilsendegen,* 46 Id. 336 (9 N. W. Rep. 439).

When the plaintiff had rested her case, defendant's counsel offered to show by the records of the United States District Court for the Eastern District of Michigan, and by the records of the police court of Detroit,. that the plaintiff's witness John Helwig had been convicted of several minor offenses after being duly tried therefor. This was objected to as incompetent and immaterial, and excluded. Error is assigned on this ruling. It is urged by defendant's counsel that the rule is well established in this State that a witness may be discredited by showing by the record that he has been convicted of crime. How. Stat. § 7543; *Smith v. Brown,* 2 Mich. 162; *Dickinson v. Dustin,* 21 Id. 56⁻; *Driscoll v. People,* 47 Id. 416 (11 N. W. Rep. 223); *People v. Maunausau,* 60 Id. 21 (26 N. W. Rep. 799). As opposed to this, it is urged by plaintiff's counsel that the purpose of the evidence offered was to contradict the witness, who had testified, when cross-examined by defendant's counsel, that he had never been arrested or convicted of crime; that this inquiry into the witness' past life was not relevant to the issue, but was collateral; and that a witness cannot be impeached by con-

tradiction on collateral matters; citing *Dunn v. Dunn,* 11 Mich. 284; *Fisher v. Hood,* 14 Id. 190; *Driscoll v. People,* 47 Id. 413 (11 N. W. Rep. 221).

The cases cited by counsel for plaintiff and defendant fully support the doctrine contended for by each. They do not appear, however, to decide the exact point involved in this case. There were various ways of impeaching a witness at common law. It could be shown that his general reputation for truth and veracity was bad; that he had made statements relevant to the issue, inconsistent with his evidence; that he had been guilty of misconduct connected with the proceedings,—as that he had offered or accepted a bribe, threatened a party, or his witness, and the like. At common law, also, the existence of certain facts disqualified a man from being a witness altogether. If he had been convicted of crime; if he was interested, or related within certain degrees to those who were interested,—he could not give his evidence. To ascertain whether any of these disabilities existed, the witness was examined on his *voir dire.* If he admitted the disqualifying fact, it was sufficient. The party objecting, however, was not bound by his answer, but could call witnesses to prove the facts. 2 Phil. Ev. p. 873, note 569; Best, Ev. § 133. The statute before referred to (How. Stat. § 7543) in doing away with the disability of the common law, introduced other and additional methods of impeaching or discrediting witnesses. The facts which could formerly be shown to disqualify a witness may now be shown as affecting his credibility, and, as formerly the objecting party was not bound to accept the statement of the witness as to his interest, relationship, or conviction of crime, but might prove it against his denial, so, I can see no reason why a party who desires to show like facts to discredit a witness should be bound by his answer. The statute expressly provides that such facts may be

shown.   The natural and, ordinarily, the easiest way to
prove them, if true, is by the witness himself, but the
party ought not to be deprived of his statutory right by
the falsehood of the witness.   The question of the *status*
of the witness as to interest, relationship, or conviction
of crime is not now, and never was, a collateral one, in
the sense that the party cross-examining him is bound
by his answer.   It follows that the proof offered should
have been admitted.

The main point relied on by defendant grows out of the
refusal of the circuit judge to permit the defendant to
show a breach of warranty of the goods sold, by way of
recoupment.   It appears by the record that the first mat-
ter of defense interposed was that the plaintiff's claim had
been settled by turning over to her certain counters and
shelving which, it was claimed, she had agreed to take in
payment.   He next offered evidence to show that the
goods, when sold to him, were warranted to be of good
merchantable quality, whereas they were in fact musty,
rotten, and unsalable.   This evidence was objected to and
excluded.   It is urged by plaintiff's counsel, in support
of this ruling, that the evidence offered was inconsist-
ent with the defense already made; that the agreement
sworn to by defendant and his witnesses, by which the
$50 due to plaintiff was to be settled for and paid by
turning out the counters and shelving, was made long
after the sale and after the breach of warranty, if
any existed; and that it was inconsistent for defendant
to set up, by way of a second defense, that he owed the
plaintiff nothing because of the damages that had resulted
from the breach of warranty.

The rule contended for can only apply in cases where
the defenses relied on are so repugnant in law or fact
that one or the other must of necessity give way.   This
is not such a case.   The defendant had a legal right to

pay the plaintiff's claim in money, and sue for his damages arising from the breach of warranty. He was not bound to refuse payment and rely upon his counter-claim by way of recoupment. If actual payment of plaintiff's claim in money would not deprive defendant of his right to sue for his damages, then certainly his claim for damages was not repugnant to, or inconsistent with, his claim that he had turned out property to the plaintiff as such payment, unless it appeared that it was the intention of the parties, in turning out and receiving such property, to settle all matters of defense growing out of the transaction. The plaintiff made no such claim. The evidence to support the breach of warranty should have been admitted.

For the errors pointed out, the judgment must be reversed, and a new trial granted.

The other Justices concurred.