## BOYD v CITY OF WYANDOTTE

Docket No. 56105. Argued May 7, 1975 (Calendar No. 7). Resubmitted February 11, 1977 (Calendar No. 19).—Decided December 19, 1977.

Judson Boyd brought an action for medical malpractice in treating his fractured leg against the City of Wyandotte, which operates the hospital where the plaintiff was treated, Fred P. Maibauer, M.D., and Daniel O. Thompson, M.D. A jury trial in Wayne Circuit Court, Thomas J. Foley, J., resulted in a verdict of no cause of action. Defense counsel, over objection, questioned the plaintiff on cross-examination concerning his record of convictions 10 to 19 years before the trial to impeach his credibility. During the trial, the court denied the plaintiff's motion to amend the complaint to allege that the failure of defendants to keep adequate records was an additional departure from the standard of practice. The Court of Appeals, Bashara, P. J., and Bronson and Carland, JJ., affirmed in a per curiam decision (Docket No. 14246). Plaintiff appeals. *Held:*

1. A trial judge may in the exercise of discretion exclude reference to a prior conviction record to impeach credibility in civil as well as criminal cases. Further, it is error for a trial judge to fail to recognize that he has such discretion and, therefore, to fail or to refuse to exercise it.

2. It does not appear that the judge recognized that he had a discretion to exclude the prior convictions. Consequently, seven convictions, one 10 years old and the others over 15 years old, were admitted. Even if the judge had exercised his discretion, it may well have been an abuse of it to have admitted evidence of these stale convictions.

3. The alleged failure of defendants to keep adequate records and notations of the plaintiff's treatment and care is not a

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4, 5] 81 Am Jur 2d, Witnesses § 502.

Cross-examination of character witness for accused with reference to particular acts or crimes. 47 ALR2d 1258.

[3] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 198 *et seq.*

ground for recovery for malpractice under the circumstances of this case, where the meritorious question is whether the treatment and care rendered were negligent. The presence or absence of written memoranda might have a bearing on the plaintiff's burden of proof, or of persuasion, but his physical condition cannot be attributed to the alleged failure to keep adequate records.

Justice Coleman, joined by Justices Ryan and Blair Moody, Jr., agreed that the plaintiff is entitled to a new trial, but for a different reason. In the instant civil case the convictions were so stale that their prejudicial effect greatly outweighed their probative value. A proper exercise of the trial court's discretion would have barred the use of the convictions, one of which was 10 years old and six of which were more than 15 years old. However, the record does not support a finding that the trial judge failed to realize he had discretion to exclude the use of the convictions. Nor should the judge be required to announce on the record that he is exercising that discretion. The Court should not demand the rote recitation of magic words.

Reversed and remanded for a new trial.

OPINION OF THE COURT

1. WITNESSES—CREDIBILITY—PRIOR CONVICTIONS—DISCRETION.

A trial judge in a civil action may in the exercise of discretion exclude reference to the prior conviction record of a witness as bearing on his credibility.

2. WITNESSES—CREDIBILITY—PRIOR CONVICTIONS—DISCRETION.

Admission into evidence in a trial for medical malpractice of seven convictions of the plaintiff for the purpose of impeaching his credibility may well have been an abuse of the trial judge's discretion where one of the convictions was 10 years old and the others were 15 years old at the time of the malpractice trial.

3. PHYSICIANS AND SURGEONS—HOSPITALS—MALPRACTICE—FAILURE TO KEEP RECORDS.

The failure of physicians and a hospital to keep adequate records and notations of a plaintiff's treatment is not a ground for recovery in an action for medical malpractice where the issue is whether the treatment and care rendered to the plaintiff's fractured leg was negligent, and his physical condition cannot be attributed to the alleged failure to keep records.

CONCURRING OPINION BY COLEMAN, J.

RYAN and BLAIR MOODY, JR., JJ.

4. WITNESSES—CREDIBILITY—PRIOR CONVICTIONS—DISCRETION.

   *Prior convictions, one of which is 10 years old and six of which are more than 15 years old, are so stale that their prejudicial effect greatly outweighs their probative value in a civil case and a proper exercise of discretion would bar their use to impeach the credibility of a witness.*

5. WITNESSES—CREDIBILITY—PRIOR CONVICTIONS—DISCRETION.

   *A judge should not be required to announce on the record that he is exercising his discretion in barring the use of prior convictions to impeach the credibility of a witness.*

*Lopatin, Miller, Bindes & Freedman (Michael H. Feiler,* of counsel) for plaintiff.

*Schureman, Frakes, Glass & Wulfmeier* for defendants.

LEVIN, J. Judson Boyd fractured a leg in 1967.[1] He was treated in a hospital operated by defendant City of Wyandotte. He filed this medical malpractice action alleging that his leg had been permanently damaged because of defendants' failure to render proper medical treatment and care.

The jury returned a verdict of no cause of action. The Court of Appeals affirmed.

Boyd raises two issues on appeal. The first con-

---

[1] Boyd claims that on June 4, 1967 he fell down a flight of stairs at the home of his wife's parents. He apparently filed a claim, and received a $1,000 settlement from the parents' insurance company.

The defendants claim Boyd broke his leg playing baseball in Papp Park, Taylor, Michigan. They introduced evidence that the police answered a call on June 4, 1967 regarding the Papp Park incident and the records of an ambulance service indicating that it transported Boyd from Papp Park to Wyandotte General Hospital on that date.

Defendants contend that Boyd lied about the place of his injury so that he could collect from the insurance company. They contend that the jury, when faced with evidence that Boyd lied on one occasion to obtain money, concluded that he was lying again and, for that reason, returned a verdict of no cause of action.

cerns the use by defense counsel of his prior . conviction record to impeach his credibility. The second concerns the trial judge's refusal to allow him to amend his complaint after trial had begun. We reverse and remand for a new trial on the first issue.

Boyd contends that he was denied a fair trial on the merits when defense counsel was allowed over objection to question him "under the guise of testing credibility" concerning seven criminal convictions dated from 1952 to 1961.[2] He maintains that the judge failed to exercise "sound discretion" when he allowed cross-examination based on "immaterial" and highly prejudicial convictions 10 to 19 years before the trial: "The line of inquiry was unquestionably injected by defense counsel to improperly prejudice the jury". He asserts that the jury was thereby diverted from the real issue—whether he was given proper treatment and care—and focused instead on the question whether, with his long list of convictions, he "deserved" to recover even if he had been negligently treated.

Defendants respond that the judge gave a cautionary instruction to the jury. Additionally, they contend that the real issue was Boyd's credibility (did he complain that the cast was too tight? did he put weight on his left leg? did he fall?), which was impeached not only by the evidence of prior convictions, but also by prior inconsistent statements[3] and evidence that he had filed a false

---

[2] (1) 1952—interstate transportation of a stolen automobile; (2) 1953 —breaking and entering an automobile; (3) 1956—arson; (4) 1956— larceny from an automobile; (5) 1956—contributing to the delinquency of a minor; (6) 1956—larceny by conversion; (7) 1961—unlawfully driving away an automobile.

[3] On deposition, Boyd denied having fallen after a cast was put on his leg. Defense counsel confronted Boyd with a hospital emergency record which indicated otherwise, and Boyd was forced to admit he had been mistaken.

claim, arising from the fracture of his leg, against an insurance company (see fn 1, *supra*).

## I

In *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), this Court considered sections of the Revised Judicature Act providing that no person shall be disqualified as a witness by reason of his interest or his having been convicted of a crime but his "interest or conviction *may* be shown for the purpose of affecting his credibility" (emphasis supplied).[4]

We found persuasive the reasoning of the United States Court of Appeals for the District of Columbia Circuit in *Luck v United States,* 121 US App DC 151, 156; 348 F2d 763, 768 (1965), and that of the highest courts of several states, and concluded "that a trial judge may in the exercise of discretion exclude reference to a prior conviction record". *Jackson, supra,* p 336.

The statutory provision considered and construed in *Jackson* applies in civil as well as criminal cases. There is therefore no basis for limiting the *Jackson* construction of the statute to criminal cases.[5] We conclude that the *Jackson* rule, recognizing a discretion in trial judges to bar the use of prior convictions to impeach credibility, applies in civil cases.

*Jackson* further held that it is error for a trial judge "to fail to recognize that he has such discre-

---

[4] MCLA 600.2159; MSA 27A.2159. *Similarly see* MCLA 600.2158; MSA 27A.2158.

[5] *See Asato v Furtado,* 52 Hawaii 284; 474 P2d 288 (1970), holding, in an automobile negligence action, that a trial judge may in the exercise of discretion bar the use of prior convictions to impeach credibility.

tion and, therefore, to fail or to refuse to exercise it". *Jackson, supra,* p 336.

Subsequent to *Jackson,* this Court reversed a conviction and ordered a new trial "on the ground that defendant sought to have the court exercise its discretion to exclude prior conviction evidence, and it is apparent that the court failed to recognize that it had such discretion and failed to exercise it. See *People v Jackson,* 391 Mich 323 (1974). In order to comply with *Jackson* the trial court must positively indicate and identify its exercise of discretion." *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974). Similarly see *People v Hooper,* 395 Mich 807; 235 NW2d 745 (1975).

When the defendants questioned Boyd regarding his prior criminal record, his counsel objected. It appears that the matter was discussed at a sidebar conference, not part of the record, and that the judge said he would permit the defendant to cross-examine Boyd regarding his prior convictions. The record does not contain any indication that in so ruling the judge recognized that he had and was exercising his discretion.

*Jackson* was decided in April, 1974. The defendants ask that the "*Jackson* rule" be applied prospectively, contending that in October, 1971 "when this case was tried, it is safe to say that all Michigan trial lawyers thought that prior criminal convictions could be shown to impeach credibility. So did the trial judges."

The argument for prospectivity ignores the opinion of the Court of Appeals in *People v Farrar,* 36 Mich App 294, 306; 193 NW2d 363 (1971), where a panel of that Court adopted the *Luck* construction, and held it was error for a trial judge to fail to recognize that he may, in the exercise of discretion, refuse to allow reference to a defendant's

prior conviction record. The argument also tends to confirm that the trial judge in this case did not recognize that he could in the exercise of discretion exclude prior conviction evidence and, therefore, did not exercise that discretion.

While the jury, by reason of other evidence reflecting adversely on Boyd's credibility, may have disbelieved his testimony, there is no way of knowing what impact the evidence of the prior convictions may have had on the verdict.

Boyd duly objected. It does not appear that the judge recognized that he had a discretion to exclude the prior convictions. Consequently, seven convictions, one 10 years old and the others over 15 years old, were admitted. Even if the judge had duly exercised his discretion, it may well have been an abuse of discretion to have admitted evidence of these stale convictions.

For the reasons stated, we reverse and remand for a new trial.

## II

Boyd also claims error in the trial court's failure to allow amendment of his complaint near the end of the trial.[6]

We agree with the defendants that the theory proffered—the failure of defendants to keep adequate records and notations of Boyd's treatment and care was "an additional departure from the standard of practice"—is not a ground for recovery under the circumstances of this case.

The meritorious question is whether the treatment and care rendered was negligent. The presence or absence of written memoranda might have

---

[6] He relies on *Ben P Fyke & Sons v Gunter Co*, 390 Mich 649; 213 NW2d 134 (1973).

a bearing on Boyd's burden of proof or of persuasion but would have no bearing on whether defendants were negligent. Boyd's physical condition cannot be attributed to the alleged failure of the treating physicians to keep adequate records.

Reversed and remanded for a new trial.

KAVANAGH, C. J., and WILLIAMS and FITZGERALD, JJ., concurred with LEVIN, J.

COLEMAN, J. *(concurring)*. I agree that plaintiff is entitled to a new trial, but for a reason different from the majority. The record does not support a finding that the judge failed to realize he had discretion to exclude the plaintiff's prior convictions. I also do not agree that the judge must announce on the record that he is exercising that discretion. Thousands of rulings are dependent upon the discretion of the judge. Should we require the judge in each instance to announce in advance whether he is using his discretion? Although I cannot foresee where the precedent will lead, I do see it as an ill-advised requirement by this Court and as demeaning to the trial judge.

In this civil case the convictions introduced to impeach the plaintiff's credibility were so stale that their prejudicial effect greatly outweighed their probative value. One conviction was 10 years old and six of them were more than 15 years old. A proper exercise of discretion would have barred the use of these ancient convictions.

Reversal in this case does not require a retroactive application of *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), or the application of *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971). It is a long-standing rule that "there must be a limit beyond which such inquiry should not go, and the trial judge must, in the exercise of a sound discre-

tion, determine when that limit is reached". *Helwig v Lascowski,* 82 Mich 619, 621; 46 NW 1033 (1890). The limit was reached and breached in the case at bar.

The majority opinion says "[i]t does not appear that the judge recognized that he had a discretion to exclude the prior convictions". This conclusion is made even though plaintiff's counsel objected and "[i]t appears that the matter was discussed at a side-bar conference, * * * and that the judge said he would permit the defendant to" continue the cross-examination.

In *People v Cherry,* 393 Mich 261–262; 224 NW2d 286 (1974), I said that not "many judges would say in effect, 'I have exercised my discretion and so overrule the objection' ". We should not demand the rote recitation of magic words. The judge should not have to say that he will, he is, he has exercised his discretion. That is mere form which provides neither a substitute for justice nor a guarantee of justice.

RYAN and BLAIR MOODY, JR., JJ., concurred with COLEMAN, J.