GARABEDIAN v WILLIAM BEAUMONT HOSPITAL

Docket No. 159869. Submitted November 2, 1994, at Detroit. Decided
February 6, 1995, at 9:00 A.M. Leave to appeal sought.

Sarah Garabedian brought an action in the Oakland Circuit
Court against William Beaumont Hospital, seeking damages for
injuries she sustained in a fall from a hospital bed allegedly as
a result of negligent nursing care. The court, Rudy J. Nichols,
J., directed a verdict for the defendant, ruling that the plaintiff
had failed to present sufficient evidence of causation. The
plaintiff appealed.

The Court of Appeals *held:*

The plaintiffs' nursing expert, in testifying that the plaintiff's
mental condition should have been evaluated by a nurse and
that such an evaluation might have revealed a need for inter-
vention that might have prevented the plaintiff's injury, pre-
sented a speculative theory of causation that did not establish a
reasonable basis for concluding that it was more likely than not
that conduct by the defendant's employees was the cause of the
plaintiff's injuries.

Affirmed.

HOLBROOK, JR., J., dissenting, stated the plaintiff's circum-
stantial evidence was sufficient to permit reasonable jurors to
infer a logical and substantial nexus between the defendant's
alleged negligence and the plaintiff's injuries.

NEGLIGENCE — CAUSATION — CIRCUMSTANTIAL EVIDENCE.

Circumstantial proof of causation must facilitate reasonable infer-
ences of causation, not mere speculation.

*William S. Stern,* for the plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney,
P.C.* (by *Linda M. Garbarino* and *Anthony J. Para-
diso*), for the defendant.

REFERENCES

Am Jur 2d, Evidence § 1432.
See ALR Index under Circumstantial Evidence.

Before: Taylor, P.J., and Holbrook, Jr., and M. E. Dodge,* JJ.

Taylor, P.J. Plaintiff appeals as of right from the circuit court's order granting a directed verdict in favor of defendant. The principal issue on appeal is whether plaintiff presented sufficient evidence of causation to allow the matter to go to the jury. We affirm.

Plaintiff, an eighty-seven-year-old woman, had been taken by her daughter, Agnes Nassar, to the William Beaumont Hospital emergency room with a terrible headache and sudden blindness. Ms. Nassar was only allowed to visit plaintiff for five minutes each hour. Ms. Nassar testified that plaintiff's mental condition deteriorated after she received medication and described her condition as "out of it." Concerned that the side rails on plaintiff's bed were not up, Ms. Nassar told the nurses she felt plaintiff was going to fall off the bed. The nurses said they were watching her. However, plaintiff did fall off the bed and an x-ray showed that she broke her hip.

Registered nurse Sharon LaMarre testified that to comply with the standard of care, a registered nurse is required to conduct a nurse's assessment, which in this case would include an ongoing assessment of plaintiff's mental condition. Her review of plaintiff's medical record indicated that such an assessment was not made. LaMarre further opined that an evaluation of plaintiff's mental condition might have indicated a need for some type of intervention. For example, having a family member or a nurse stay with the patient. LaMarre concluded that, had such intervention occurred in this case, the accident might have been prevented.

In granting defendant's motion for a directed

* Circuit judge, sitting on the Court of Appeals by assignment.

verdict, the trial court reasoned that the case was virtually devoid of any showing of breach of duty and proximate cause. Initially, we note that the court's statement regarding there being no evidence of a breach of duty was erroneous because defendant had not presented that argument in seeking a directed verdict. Pursuant to MCR 2.515, a party must state specific grounds in support of a motion for a directed verdict. On appeal, we will not review grounds for sustaining a directed verdict that were not articulated to the trial court. *McClain v Alger,* 150 Mich App 306, 312-313; 388 NW2d 349 (1986). Accordingly, the only issue we must determine is whether plaintiff presented sufficient evidence regarding causation.

In reviewing a trial court's ruling on a motion for a directed verdict, the Court of Appeals must examine the evidence presented in a light most favorable to the nonmoving party. *Locke v Pachtman,* 446 Mich 216, 223; 521 NW2d 786 (1994); *Morrow v Boldt,* 203 Mich App 324, 327; 512 NW2d 83 (1994). Granting plaintiff every reasonable inference and resolving any conflict in the evidence in plaintiff's favor, *Goldman v Phantom Freight, Inc,* 162 Mich App 472, 477; 413 NW2d 433 (1987), we agree with the trial court's conclusion that reasonable minds could not differ with respect to the question of causation.

Because plaintiff does not recall how she fell from the bed, and because there were no witnesses to the fall, plaintiff must rely on circumstantial evidence to establish the causal link between defendant's alleged negligence and the harm suffered. *Skinner v Square D Co,* 445 Mich 153, 163; 516 NW2d 475 (1994). "To be adequate, a plaintiff's circumstantial proof must facilitate reasonable inferences of causation, not mere speculation." *Id.* at 164. According to LaMarre's testimony, if plaintiff

had been adequately evaluated, the evaluation might have revealed a need for intervention, and that intervention might have prevented plaintiff's injury. Plaintiff's attenuated theory of causation does not establish a reasonable basis for concluding that it is more likely than not that conduct by defendant's employees was the cause of plaintiff's injury. *Id.* at 165. "A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." *Id.* We cannot conclude that plaintiff's injury is attributable to defendant's alleged failure to evaluate and chart plaintiff's condition. *Boyd v Wyandotte,* 402 Mich 98, 105; 260 NW2d 439 (1977).

Given our resolution of this issue, we find it unnecessary to address the issue advanced in defendant's cross appeal.

Affirmed.

M. E. Dodge, J., concurred.

Holbrook, Jr., J. *(dissenting).* Viewing the evidence in a light most favorable to plaintiff, and permitting every reasonable inference in her favor, I would find that plaintiff presented sufficient evidence of causation to withstand a motion for a directed verdict.

According to plaintiff's proofs, before falling off the stretcher, plaintiff experienced a severe headache, loss of sight in her right eye, placement in a dark room to reduce eye strain, an x-ray, a computerized axial tomography scan, a lumbar puncture, insertion of an intravenous needle, and administration of a sedative and two diuretics. In addition, plaintiff's daughter, Agnes Nassar, was permitted

to sit with plaintiff for only five minutes each hour, notwithstanding the fact that Nassar had expressed concern to the nurses that plaintiff might fall from bed because plaintiff was "out of it," her bedside rails were not raised, and she was not otherwise restrained. In light of these facts, coupled with plaintiff's advanced age and disoriented condition, it was beyond mere speculation that she might attempt to get up and go to the bathroom without asking for assistance. Thus, plaintiff's proofs were sufficient to establish a prima facie case that the nursing staff was negligent in failing to appropriately assess and monitor plaintiff's condition and that, had they done so, plaintiff's injuries more than likely would have been prevented.

The majority's reliance on *Boyd v Wyandotte,* 402 Mich 98; 260 NW2d 439 (1977), is mistaken. The *Boyd* Court held that, under the circumstances of that case, a physician's failure to maintain adequate records of a patient's treatment was not a proper theory of recovery under negligence principles. *Id.* at 104-105. Here, plaintiff's theory is that defendant's employees were negligent in failing to assess and monitor her condition consistent with the appropriate standard of care and that, had they done so, it was more than likely that her injury would not have occurred. The majority is therefore mistaken when it relies on *Boyd* as support for the proposition that plaintiff's injury in this case was not "attributable to defendant's alleged failure to evaluate and chart plaintiff's condition." *Ante,* p 476.

Plaintiff's circumstantial proofs were sufficient to permit a reasonable jury to infer a logical and substantial nexus between defendant's alleged negligence and plaintiff's injuries. See, e.g., *Washington Hosp Center v Martin,* 454 A2d 306 (DC App,

1982); *Osborn v Public Hosp Dist 1,* 80 Wash 2d 201; 492 P2d 1025 (1972); *Norris v Rowan Memorial Hosp, Inc,* 21 NC App 623; 205 SE2d 345 (1974).

Accordingly, I dissent.