# STATE OF MICHIGAN

# COURT OF APPEALS

LEEBOLDT, INC., d/b/a CAPITAL CITY
WIRELESS AND MORE,

UNPUBLISHED
May 5, 2015

Plaintiff-Appellant,

v

No. 319933
Ingham Circuit Court
LC No. 11-000526-CK

STATE FARM FIRE AND CASUALTY
COMPANY,

Defendant-Appellee.

Before: O'CONNELL, P.J., and FORT HOOD and GADOLA, JJ.

PER CURIAM.

Plaintiff, Leeboldt, Inc., appeals as of right the trial court's order dismissing its case against defendant, State Farm Fire and Casualty Company, for failing to post an additional security bond of $22,500. The trial court's decision to increase plaintiff's bond from $2,500 to $25,000 was an abuse of discretion because it rested on a misinterpretation of MCR 2.109(A). We reverse and remand for further proceedings.

## I. FACTS

Plaintiff is the holder of a business insurance policy issued by defendant. Plaintiff submitted an insurance claim alleging a theft loss. Following an investigation, defendant denied plaintiff's insurance claim, contending that no theft occurred and that plaintiff submitted fraudulent documents to substantiate its claim. Plaintiff commenced this lawsuit in response. On June 13, 2012, the parties engaged in court-ordered case evaluation. Plaintiff claimed $58,125 in lost inventory, damages for interruption of its business operations, and penalty interest. A case evaluation panel recommended an award of $1,000 to plaintiff. Defendant accepted the award, but plaintiff rejected it.

Following plaintiff's rejection, defendant requested that the court order plaintiff to post $25,000 in security for costs under MCR 2.109(A). The trial court granted defendant's motion and initially ordered plaintiff to post $2,500. Plaintiff obtained a security bond and placed the deposit with the court. Defendant then moved for reconsideration, asking the court to increase the security to $25,000. On October 24, 2013, the court granted defendant's request.

-1-

Plaintiff filed a motion for reconsideration, which the trial court denied. Defendant then filed a motion to enforce the security order. The trial court granted defendant's motion and ordered plaintiff to post the additional security by December 27, 2013. When plaintiff failed to do so, the trial court dismissed the case without prejudice.

## II. ANALYSIS

Plaintiff contends that the trial court abused its discretion when it increased the bond from $2,500 to $25,000 on reconsideration. We agree.

We review a trial court's decision to require a security bond for costs for an abuse of discretion. *In re Surety Bond for Costs*, 226 Mich App 321, 331; 573 NW2d 300 (1997). Likewise, this Court reviews for an abuse of discretion a trial court's decision on a motion for reconsideration. *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000). The trial court abuses its discretion when its outcome falls outside the range of principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). When moving the trial court for reconsideration, "[t]he moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." MCR 2.119(F)(3).

MCR 2.109(A) provides that "the court may order the opposing party to file with the court clerk a bond with surety as required by the court in an amount sufficient to cover all costs and other recoverable expenses . . . . The court *shall determine the amount in its discretion*." (Emphasis added.) In this case, the trial court ordered a $2,500 bond in its discretion on August 21, 2013. The trial court subsequently increased this amount to $25,000 on November 26, 2013. The trial court indicated that its reason for doing so was that it "erred by granting a security bond which does not comport with the court rule by issuing a security bond less than 'an amount sufficient to cover all costs and other recoverable expenses . . . .' " However, MCR 2.109(A) is permissive and did not require the trial court to order a bond in any specific amount.

The trial court gave no other reason for the increase but that its initial bond did not comply with the court rule. Its decision on reconsideration rested on a misreading of the court rule. The trial court's $2,500 bond did, in fact, comply with the court rule, and a different disposition was not required on reconsideration. Because the trial court's order rested on an erroneous interpretation of the law, we conclude that it abused its discretion. See *In re Waters Drain Drainage Dist*, 296 Mich App 214, 220; 818 NW2d 478 (2012). The trial court must be aware of its discretion in order to properly exercise it. *Boyd v Wyandotte*, 402 Mich 98, 102-103; 260 NW2d 439 (1977). The trial court's error was particularly harsh in this case because plaintiff was able to obtain a bond in the first amount, but not in the second, which resulted in dismissal of its potentially meritorious case.[1] Given our conclusion, we need not consider the remainder of plaintiff's claims on appeal.

---

[1] In civil actions, generally, each party is responsible for their own costs. *In re Temple Marital Trust*, 278 Mich App 122, 139; 748 NW2d 265 (2008). Our court rules shift this responsibility

We reverse and remand for further proceedings. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Karen M. Fort Hood

---

under some very limited circumstances. But for the trial court to increase the amount of the bond after plaintiff successfully posted the first bond has the appearance of a sanction rather than security for costs. We note that discovery had closed, and the only remaining proceeding appears to have been a short trial. Under these facts, the security bond appears to be excessive.