*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEPERNO LAW OFFICE, PLLC,

      Plaintiff-Appellee/Cross-Appellant,

v

SCHWARTZ'S HVAC, LLC, and MICHAEL C. SCHWARTZ,

      Defendants,

and

MARLA SCHWARTZ,

      Defendant-Appellant/Cross-Appellee.

UNPUBLISHED
March 11, 2021

No. 348566
Kalamazoo Circuit Court
LC No. 2017-000298-CK

Before: REDFORD, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

In this appeal from a suit to collect attorney fees, defendant, Marla Schwartz,[1] appeals the trial court's denial of her request for attorney fees associated with a judgment lien dispute that occurred after the trial court dismissed the claims against her. On cross-appeal, plaintiff, DePerno Law Office, PLLC (DePerno Law), appeals by right the trial court's decision denying its motion for a directed verdict on its fraud claims against Marla. For the reasons explained below, we conclude that we do not have jurisdiction to consider Marla's appeal. We further conclude that

---

[1] For ease of reference, we refer to Marla and Michael Schwartz by their first names and refer to Schwartz's HVAC, LLC as Schwartz LLC. This Court closed the appeal and cross-appeal involving Michael and Schwartz LLC after they filed for bankruptcy protection. See *DePerno Law Office PLLC v Schwartz's HVAC, LLC*, unpublished order of the Court of Appeals, entered July 31, 2019 (Docket No. 348566). We limit our analysis accordingly.

the trial court did not err when it denied DePerno Law's motion for a directed verdict. Therefore, we dismiss Marla's appeal and affirm in DePerno Law's cross-appeal.

## I. BACKGROUND

Michael solely owned Schwartz LLC. In 2012, he contracted to perform mechanical services on a project to renovate four connected buildings in downtown Kalamazoo, Michigan, which were being developed by Mavcon, Inc., and other entities (collectively, the Mavcon Entities). Michael and Schwartz LLC contracted to provide equipment and services for the Metropolitan Center buildings and for a restaurant being developed in the corner of the complex and installed furnaces, duct work, and air conditioning. Michael had a payment dispute with the Mavcon Entities and filed contractor's liens against the real property.

Michael on his own behalf and on behalf of Schwartz LLC retained Matthew DePerno of DePerno Law. DePerno Law sued to foreclose the liens filed against the Mavcon Entities's property and represented Michael and Michael's son in their workers' compensation claims. DePerno eventually concluded that Michael had overstated the value of the liens and asked him to amend the liens. Michael refused and terminated his relationship with DePerno Law. DePerno Law then sued Michael, Marla, and Schwartz LLC to recover its unpaid attorney fees. It alleged numerous claims against defendants—including breach of contract and various claims of fraud.

During discovery, Marla repeatedly failed to answer DePerno Law's requests for admissions. Eventually, the trial court entered an order compelling her to pay attorney fees and costs as a sanction. It also ordered the requests for admissions that DePerno Law had served on Marla to be deemed admitted.

After the close of proofs at a jury trial, the trial court dismissed all the claims against Marla. The trial court also directed a verdict in favor of DePerno Law on its contract claim. On March 29, 2019, the trial court entered a judgment of $32,271.35 in DePerno Law's favor. DePerno Law then recorded a judgment lien against Marla and Michael on property that they owned as tenants by the entirety for the amount of that judgment. In July 2019, Marla moved for an order discharging the judgment lien against her. She asked the trial court to award her damages and attorney fees. The trial court agreed that the judgment lien was improper but declined to award her damages and fees. This appeal followed.

## II. MARLA'S APPEAL

On appeal, Marla argues that, once the trial court granted her motion to discharge the judgment lien under MCL 600.2815, it was obligated to award her damages and reasonable attorney fees. Accordingly, she asks this Court to order the trial court to award her damages and attorney fees. In response, DePerno Law argues that this Court does not have jurisdiction to consider Marla's claims of error. We agree that we lack jurisdiction to consider Marla's appeal.

## A. STANDARD OF REVIEW

This Court reviews de novo whether it has jurisdiction. See *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). "This Court reviews de novo whether the trial court

properly interpreted and applied the relevant statutes and court rules." *Franks v Franks*, 330 Mich App 69, 86; 944 NW2d 388 (2019) (citation omitted).

## B. ANALYSIS

This Court must consider whether it has jurisdiction to consider Marla's present appeal. See *Chen*, 284 Mich App at 191. This Court's jurisdiction is governed by statute and court rule. *Id*. at 191-192. This Court has jurisdiction of appeals by right from a final judgment or final order. See MCR 7.203(A)(1). A final judgment or order is defined as "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties." MCR 7.202(6)(a)(*i*). Our Supreme Court also defined a postjudgment order awarding or denying attorney fees under certain court rules or "other law" to be a final judgment or order. See MCR 7.202(6)(a)(*iv*).

The trial court disposed of all the remaining claims involving all the remaining parties with entry of its judgment of March 29, 2019. As such, that order constituted a final judgment under MCR 7.202(6)(a)(*i*), and Marla timely appealed that judgment by right, see MCR 7.203(A)(1); MCR 7.204(A)(1)(a). Accordingly, this Court has jurisdiction to consider errors involving the trial court's judgment of March 2019, and any nonfinal order leading up to that judgment. See *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009); see also *Tomkiw v Sauceda*, 374 Mich 381, 385; 132 NW2d 125 (1965) (noting that an appellant can properly seek review of any nonfinal order or decree leading to the final order on appeal from the final order). Nevertheless, Marla has not identified any error in that judgment or any order preceding judgment or nonfinal order; indeed, she has conceded that she prevailed on the underlying claims before entry of that judgment. She was not, therefore, aggrieved within the meaning of MCR 7.203(A). See *Manuel v Gill*, 481 Mich 637, 643-644; 753 NW2d 48 (2008).

In this appeal, Marla only asserts that the trial court erred in two ways when ruling on her postjudgment motion to discharge the judgment lien. However, that order did not precede the final judgment identified by Marla in her claim of appeal. For that reason, she cannot raise a claim of error concerning that order in her appeal from the judgment of March 2019. See *Green*, 282 Mich App at 301 n 6. To the extent that the order discharging the lien could be said to constitute a final judgment or order because the trial court denied Marla's request for attorney fees, see MCR 7.202(6)(a)(*iv*), Marla had to appeal that order separately to this Court. See *Mossing v Demlow Prod, Inc*, 287 Mich App 87, 91-94; 782 NW2d 780 (2010) (recognizing that multiple final orders in the same litigation must generally be separately appealed). If that order was not a final order, Marla would have had to file an application for leave to appeal that order. See *Gracey v Grosse Pointe Farms Clerk*, 182 Mich App 193, 197; 452 NW2d 471 (1989) (holding that an appeal of a final order does not include later orders which must be appealed by right or leave). Marla did neither. Consequently, this Court lacks jurisdiction to consider Marla's claims of error involving the order discharging the lien. For that reason, we dismiss her appeal.

III. DIRECTED VERDICT

On cross-appeal, DePerno Law argues that the trial court erred when it denied its motion for a directed verdict on its claims of fraud against Marla.[2] We disagree.

A. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for a directed verdict. See *Taylor v Kent Radiology, PC*, 286 Mich App 490, 499; 780 NW2d 900 (2009). We also review de novo whether the trial court properly applied the common law applicable to claims of fraud. See *Roberts v Salmi*, 308 Mich App 605, 612; 866 NW2d 460 (2014).

B. ANALYSIS

A motion for a directed verdict challenges the sufficiency of the evidence in support of a claim or defense at trial. See *Taylor*, 286 Mich App at 499. When reviewing a motion for directed verdict, courts examine the evidence and all legitimate inferences arising from the evidence in favor of the nonmoving party. *Id*. A directed verdict may be granted only when the evidence leaves no factual questions upon which reasonable jurors could differ. See *Cacevic v Simplimatic Engineering Co (On Remand)*, 248 Mich App 670, 679; 645 NW2d 287 (2001). Additionally, this Court will not consider any grounds for the directed verdict that were not raised before the trial court. See *Garabedian v William Beaumont Hosp*, 208 Mich App 473, 475; 528 NW2d 809 (1995).

DePerno Law relied almost exclusively on Marla's admissions to establish the elements of each of its fraud claims against her.[3] The admissions applied to 32 of 33 total requests to admit that were served in September 2017. The trial court ordered the admissions deemed admitted under MCR 2.312 after Marla repeatedly failed to answer the requests for admissions. Admissions under MCR 2.312 are judicial admissions. See *Radtke v Miller, Canfield, Paddock & Stone*, 453 Mich 413, 420; 551 NW2d 698 (1996). A judicial admission is a formal concession that withdraws a fact from issue; accordingly, the opposing party has no need to prove such fact at trial. *Id*.

Many of the requests for admission that DePerno Law submitted to Marla involved admissions of law or mixed admissions of law and fact. It is well settled that a party cannot bind the court on a point of law through an admission. See *Ann Arbor Tenants Union v Ann Arbor YMCA*, 229 Mich App 431, 440; 581 NW2d 794 (1998). For example, DePerno Law asked Marla

---

[2] In its appeal brief, DePerno Law suggests that its claim of error applies to all defendants. However, this Court has not reopened the appeal as to Michael and Schwartz LLC.

[3] At trial, DePerno Law noted that Michael testified that DePerno asked him to reduce the amount of the liens, but would not do so, and that Michael even consulted with others about the liens. DePerno Law claimed that constituted evidence of continued fraud by Marla. However, as will be explained, DePerno Law had the burden to prove that Marla acted in bad faith. Evidence of later conduct is insufficient to establish that she acted in bad faith at the time of the promise. See *Hi-Way Motor Co v Int'l Harvester Co*, 398 Mich 330, 338-339; 247 NW2d 813 (1976).

to admit that she and Michael were both members of Schwartz LLC.  Whether and to what extent a person owns personal property—such as shares in an entity—is a mixed question of fact and law.  See *New Windsor Volunteer Ambulance Corps, Inc v Meyers*, 442 F3d 101, 111 (CA 2, 2006); *Kahn v Gen Motors Corp*, 77 F3d 457, 459 (CA Fed, 1996).[4]  When ownership depends on the interpretation of an unambiguous governing agreement, ownership is a matter of law for the court to decide.  See *New Windsor*, 442 F3d at 111.  Accordingly, we only consider those admissions that concede a fact when determining whether the trial court should have granted DePerno Law's motion.

DePerno Law argues that Marla's admissions established that she promised to pay DePerno Law for the provision of legal services, but then did not do so.  To establish its fraud claims, DePerno Law had to show that Marla intentionally either made an affirmative misrepresentation or actively suppressed a fact that amounted to a misrepresentation.  See *United States Fidelity & Guaranty Co v Black*, 412 Mich 99, 114-118; 313 NW2d 77 (1981); *General Electric Credit Corp v Wolverine Ins Co*, 420 Mich 176, 186-188; 362 NW2d 595 (1984); *M&D, Inc v WB McConkey*, 231 Mich App 22, 29; 585 NW2d 33 (1998).  The misrepresentation had to involve a past or existing fact because promises are contractual and cannot be the subject of fraud.  See *Hi-Way Motor Co v Int'l Harvester Co*, 398 Mich 330, 336; 247 NW2d 813 (1976).  There is an exception to the rule that the misrepresentation must involve a past or existing fact when the defendant made a promise of future conduct in bad faith without the intention to perform.  *Id*. at 337-338.  Accordingly, under this theory of liability, DePerno Law had to prove that Marla promised to pay it for its services and did so in bad faith without the intent to perform.

The only requests to admit that arguably involved a misrepresentation were Requests 15 through 19.  In Requests 15 through 18, Marla was deemed to admit that the two liens filed by Michael against the Mavcon Entities's property were false and that Michael knew they were false.[5]  As for Request 19, Marla admitted that she "made false statements to attorney Matthew DePerno in order to induce him to represent [her] in the matter against Mavcon."  These admissions established that Marla made some statements to DePerno Law that were false and that Michael misstated the amounts of the liens.  Request 19, however, did not identify the content of the false statements that Marla made to DePerno.  As such, the admissions did not conclusively establish that Marla made an identifiable promise to DePerno Law, let alone that she did so in bad faith without the intent to perform.  See *Hi-Way*, 398 Mich at 337-338.  Indeed, in its motion for a directed verdict before the trial court, DePerno Law did not identify any evidence that even would permit an inference that Marla made a bad-faith promise.  Consequently, the trial court did not err to the extent that it denied DePerno Law's motion for a directed verdict premised on a false promise because, at the very least, a question of fact existed whether Marla made such a promise and did so without the intent to perform.  See *Cacevic*, 248 Mich App at 679-680.

---

[4] The decisions of lower federal courts are not binding on this Court, but may be persuasive.  See *Abela v Gen Motors Corp*, 469 Mich 603, 606-607; 677 NW2d 325 (2004).

[5] We note that, generally, one party cannot bind another party through his or her admissions.  See *Ferndale v Ealand*, 88 Mich App 107, 111 & n 3; 276 NW2d 534 (1979), remanded 406 Mich 963 (1979).

DePerno Law also argues that it conclusively established that Marla fraudulently misstated the amounts of the liens and did so to induce DePerno Law to represent her. Marla admitted that the amounts of the liens were false and that Michael knew that the lien amounts were false when he filed them. Nevertheless, none of the requests asked Marla to admit that she herself misrepresented the amounts of the liens. As such, those admissions did not establish that Marla personally made misrepresentations about the liens. The record does not indicate that the circumstances of DePerno Law's representation gave rise to a duty that compelled Marla to inform DePerno Law that the lien amounts were false, such that the failure to do so amounted to silent fraud. See *Roberts v Saffell*, 280 Mich App 397, 404; 760 NW2d 715 (2008) (explaining that silent fraud occurs where a legal or equitable duty of disclosure exists and a party suppressed the information). DePerno testified at trial that Marla admitted that she misrepresented that the lien amounts were valid. Reasonable jurors, however, could reject his testimony. See *Cacevic*, 248 Mich App at 679. To be sure, DePerno Law requested that Marla admit that she made false statements to induce DePerno to represent her, but it did not identify the content of the alleged false statements. Without clarifying the nature of the admitted misrepresentation, the jury would be left to speculate what the statement might have been and whether it amounted to some form of fraud. As drafted by DePerno Law, the requested admissions, even though deemed admitted, did not specify the elements of the fraud claim to conclusively establish that Marla committed fraud because the admissions left questions of fact that had to be resolved by the jury. See *id*.

DePerno Law also argued that the evidence that Marla acted as an agent for Schwartz LLC and yet did not advise DePerno Law that the liens were misstated further showed fraud. Accepting the admissions that Marla was an agent for Schwartz LLC as conclusively established, it does not follow that Marla had a legal or equitable duty to disclose that the liens were misstated. See *Roberts*, 280 Mich App at 404. Moreover, DePerno himself testified that he discovered that the liens were misstated through ordinary due diligence while prosecuting the case against Mavcon. He testified that he learned that the liens included amounts that could not legally be included in a lien from Michael after speaking with opposing counsel. That testimony permitted an inference that DePerno Law could easily have discovered the correct amount of the liens much earlier than it did. This in turn created a question of fact as to whether DePerno Law reasonably relied on any misrepresentation involving the amount of the liens. See *Nieves v Bell Indus, Inc*, 204 Mich App 459, 464; 517 NW2d 235 (1994) (stating that a person's reliance must be reasonable and no fraud exists if "a person has the means to determine that a representation is not true"). Fact issues existed requiring the jury to determine whether DePerno Law reasonably relied. *Cacevic*, 248 Mich App at 679.

The trial court did not err by denying DePerno Law's motion for a directed verdict and submission of the case to the jury because DePerno Law failed to establish facts supporting the essential elements of its claims against Marla. See *id*.

## IV. CONCLUSION

For the reasons stated, we dismiss Marla's appeal and affirm the trial court's judgment on cross-appeal.

/s/ James Robert Redford
/s/ David H. Sawyer
/s/ Mark T. Boonstra

-6-