*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID DENBY,

        Plaintiff-Appellant,

v

MCLAREN PORT HURON, and MARWOOD
MANOR NURSING HOME,

        Defendants-Appellees.

UNPUBLISHED
June 12, 2026
11:16 AM

No. 374802
St. Clair Circuit Court
LC No. 23-001633-NH

Before: PATEL, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

In this nursing-malpractice action, plaintiff appeals by right the trial court's order granting defendants' motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. BACKGROUND

In April 2021, plaintiff was admitted to defendant McLaren Port Huron Hospital (McLaren) to receive treatment for left knee arthritis. Upon admission, plaintiff presented with symptoms of infection and was started on IV antibiotics. The next day, an orthopedic surgeon performed an incision and drainage on plaintiff's left knee to treat for septic arthritis. During the following week, the nursing staff at McLaren identified three separate wounds on plaintiff: one on the left knee, one on the coccyx, and one on the buttocks. A wound assessment conducted shortly thereafter also documented a new injury on the sole of plaintiff's right foot.

At the start of May 2021, plaintiff was transferred to defendant Marwood Manor Nursing Home (Marwood) for surgical aftercare, and his wounds were examined by nursing staff there. Further assessments throughout May demonstrated a continued deterioration of plaintiff's coccyx and right heel wounds. Plaintiff eventually underwent surgical excisional debridement for his coccyx wound, which was assessed at the time as a Stage III pressure ulcer, but the coccyx wound nonetheless grew larger, requiring further debridement and treatment continuing throughout June 2021.

Plaintiff thereafter filed the instant lawsuit, raising claims of negligence against McLaren, Marwood, and their respective nursing staffs, and providing a supporting affidavit of merit from his standard-of-care expert—Marissa Marten, a registered nurse. In January 2025, defendants deposed Nurse Marten.

During her deposition, Nurse Marten testified that, based only on what was contained in McLaren's documentation of plaintiff's treatment, the McLaren nursing staff complied with the standard of care. But, in light of the condition of plaintiff's wounds upon his transfer to Marwood, Nurse Marten suspected that the documentation was incorrect or incomplete, which in turn "raised questions for all of the other . . . wound assessments that they performed." With respect to Marwood, Nurse Marten acknowledged that the staff had completed documentation reflecting that they performed the medical interventions that were ordered except when plaintiff refused the intervention, and that, based on this documentation, the nurses complied with the standard of care. But Nurse Marten maintained that, if the nursing staff had performed the documented care, she would not have expected plaintiff's coccyx wound to have worsened as it did, leading her to conclude that care had not, in fact, been provided as documented.

Nurse Marten confirmed that, had plaintiff's coccyx wound healed, she "would not have any qualms about" plaintiff's care at Marwood, and that her opinion was based solely the wound's progression compared to the documentation. Nurse Marten acknowledged that wounds can sometimes progress despite appropriate interventions and with no negligence in care, though she did not view plaintiff's case as matching the circumstances in which she had seen that occur. Nurse Marten also agreed "that there were quite a few instances where [plaintiff] refused interventions that were indicated by his care plan," which "could have contributed to" his wounds. When asked for a medical explanation as to why the wounds continued to progress, Nurse Marten responded that "I can just base my answer off education . . . and experience, that when wound care orders are followed through and provided the way they should be provided, . . . the wound should be able to progress toward healing versus degrading." Nurse Marten also noted her "experience of people documenting [something] and not actually doing it." Plaintiff did not offer a causation expert or other medical expert qualified to opine on wound progression.

Defendants then moved for summary disposition under MCR 2.116(C)(10). According to defendants, Nurse Marten—who was plaintiff's sole expert on standard of care—only criticized McLaren's documentation practices, which was insufficient to sustain a claim of malpractice, and her opinion that defendants did not actually provide the documented care amounted to mere speculation and conjecture, which was inadmissible and likewise inadequate. Plaintiff responded, arguing that Nurse Marten took issue not just with documentation but with discrepancies between that documentation and the actual care defendants provided, and this testimony was sufficient to create a genuine issue of material fact.

The trial court subsequently held a hearing and, after receiving argument from the parties, granted defendants' motion. As to McLaren, the court found that Nurse Marten's criticism was just "of basic documentation" without a physical condition attributed to the documentation issues, which was insufficient to sustain a claim. As to Marwood, the court found that Nurse Marten's opinion that plaintiff's wound would have healed if the documented care had been provided was one of causation and beyond her expertise, and that the opinion was too speculative to support the

claim that defendants violated their standard of care. The trial court thereafter entered an order granting defendants' motion for the reasons stated on the record. This appeal followed.

## II. STANDARDS OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Id*. at 160. "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion," and the motion "may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

"Evidentiary issues are reviewed for an abuse of discretion." *Danhoff v Fahim*, 513 Mich 427, 441; 15 NW3d 262 (2024). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes," and "necessarily abuses its discretion when it makes an error of law." *Id*. at 442 (quotation marks and citations omitted).

## III. DISCUSSION

On appeal, plaintiff contends that the trial court erred by concluding that, given the testimony offered by Nurse Marten, defendants were entitled to summary disposition. We disagree.

"A plaintiff in a medical malpractice action bears the burden of establishing (1) the applicable standard of care, (2) breach of that standard of care by the defendant, (3) injury, and (4) proximate causation between the alleged breach and the injury." *Id*. (quotation marks and citations omitted). "Generally, a plaintiff must produce expert testimony to support their position as to the standard of care in their case and that the standard was breached." *Id*. "The proponent of the evidence . . . bears the burden of demonstrating the relevance and admissibility of the expert's opinions," including under MRE 702 and MCL 600.2955. *Id*.

As discussed, defendants moved for summary disposition on the basis that the opinion of Nurse Marten, plaintiff's sole standard-of-care expert, was inadmissible and insufficient to sustain plaintiff's claims of malpractice. This was so, defendants maintained, because (1) Nurse Marten merely offered criticisms of documentation practices with no connection to any claimed injury as a result of them, and (2) Nurse Marten's suspicions that plaintiff did not actually receive the documented care were unsupported and unduly speculative. The trial court ultimately agreed with this position and, on appeal, plaintiff takes issue with both aspects of it. According to plaintiff, Nurse Marten's testimony went beyond documentation concerns and demonstrated, as to both defendants, genuine issues of material fact regarding whether the treatment defendants actually provided to plaintiff was consistent with the documentation and met the standard of care.

To start, the trial court correctly observed that a medical-malpractice claim may not be supported solely by a defendant's failure to maintain proper documentation. See *Boyd v Wyandotte*, 402 Mich 98, 104-105; 260 NW2d 439 (1977) (explaining that an absence of documentation has "no bearing on whether [the] defendants were negligent" where the plaintiff's "physical condition cannot be attributed to the alleged failure of the treating physicians to keep

adequate records"); see also *Zdrojewski v Murphy*, 254 Mich App 50, 63-64; 657 NW2d 721 (2002) (citing *Boyd* and concluding that the plaintiff did not establish that, but for an alleged untimely dictation, her injuries would not have occurred, and "the failure to keep adequate records may raise issues regarding credibility or burden of persuasion, but it ha[d] no bearing on whether the defendant medical care providers were negligent"). Here, while Nurse Marten opined that McLaren made certain mistakes in its documentation, she did not purport to attribute plaintiff's claimed injuries to those inaccuracies, let alone offer any support for such an opinion.

Plaintiff does not particularly dispute this point, but stresses that it fails to account for the main thrust of Nurse Marten's opinion—which was not simply that either defendant failed to maintain accurate records of his treatment, but that the treatment he *actually received* was inconsistent with those records and below the standard of care. We agree with the trial court, however, that Nurse Marten's opinion to that effect was inadequate. Nurse Marten testified that the course of treatment documented in plaintiff's medical records was consistent with the standard of care. This was sufficient to articulate her opinion on the applicable standard of care. But where her opinion falls short, and plaintiff's claim falls apart, is at the next step of the inquiry—establishing a breach of that standard of care. The only support plaintiff offered for the notion that he received treatment inconsistent with defendants' documentation or the standard of care was Nurse Marten's opinion regarding the progression of his wounds—in particular, the deterioration of his coccyx wound. Merely describing an injury or bad outcome, however, is not sufficient in itself to establish the breach of a standard of care.[1]

Indeed, at her deposition, Nurse Marten agreed that there are instances where nurses and care providers "do things within their abilities and skin breakdowns still occur"; that sometimes, "despite the appropriate interventions[,] wounds continue[] to progress"; and that, "just because [a wound] progresses[,] that does not equate to medical negligence." Nurse Marten opined that she did not believe that to be the case here, but the only support she or plaintiff offered for that opinion was a general and undeveloped reference to her "education . . . and experience, that when wound care orders are followed through and provided the way that they should be provided, . . . the wound should be able to progress towards healing versus degrading." Such bare reliance on an expert's experience and background, without more, is typically inadequate to establish the admissibility of their opinion, and plaintiff has failed to explain how it may have been sufficient here.[2] See *Edry v Adelman*, 486 Mich 634, 642; 786 NW2d 567 (2010); see also *Danhoff*, 513 Mich at 449; *Elher v Misra,* 499 Mich 11, 23, 27-28; 878 NW2d 790 (2016). Nor, as the trial court noted, did plaintiff

---

[1] During the hearing on defendants' motion for summary disposition, the trial court observed that Nurse Marten's opinion was "almost like a res ipsa loquitur argument," but that plaintiff was "obviously . . . not going to make that argument because there's no basis for it." Neither below nor on appeal has plaintiff suggested otherwise—i.e., that he is, in fact, pursuing a theory of res ipsa loquitur, or that there would be any colorable basis for him to do so in this case. Plaintiff has likewise not suggested at any point that the issue of breach in this case would not require expert testimony. See *Danhoff*, 513 Mich at 442 n 8.

[2] Plaintiff, for instance, has made no effort to explain how the expert's opinion may have met the requirements of MCL 600.2955, nor has plaintiff made any argument or showing that no other support for the expert's opinion could have been offered. Cf. *Danhoff*, 513 Mich at 452-455.

-4-

or Nurse Marten demonstrate how Nurse Marten's opinion on the progression of plaintiff's wounds—such as whether and how the wounds should have healed and what factors may affect normal wound progression—was properly within Nurse Marten's scope of expertise. And as noted, plaintiff offered no other expert qualified to testify on the matter.

As a result, there was only speculation to support Nurse Marten's opinion that plaintiff's wound progression showed his care was not, in fact, provided as documented and instead fell below the standard of care. Accordingly, while Nurse Marten's opinion regarding the applicable standard of care may have been adequate, her opinion regarding the breach of that standard was not—which in turn means that plaintiff has failed to demonstrate a triable question of fact on an essential element of his claim. See *Danhoff*, 513 Mich at 442; *El-Khalil*, 504 Mich at 160.

In sum, we see no error in the trial court's conclusion that the opinion offered by Nurse Marten was insufficient to sustain plaintiff's claims of malpractice against defendants and that, as a result, defendants were entitled to summary disposition as a matter of law.

Affirmed.

/s/ Sima G. Patel
/s/ Brock A. Swartzle
/s/ Philip P. Mariani